## Case No. 13,219.

### SPAULDING v. PAGE et al.

### SAME v. DUFF et al.

[4 Fish. Pat. Cas. 641; 1 Sawy. 702; 4 Am. Law T. Rep. U. S. Cts. 166.] [1]

Circuit Court, D. California. Aug. 19, 1871.

PATENTS—INFRINGEMENT—MEASURE OF DAMAGES—PROFITS—LEGAL PROCEEDINGS.

1. The measure of damages, and the consequences of a recovery, should have some relation to the mode of remuneration adopted by the patentee, and to the nature of the injury inflicted by the infringement.

2. Where the patentee has adopted a patent fee, or royalty, as one mode of remuneration,

---

[1] [Reported by Samuel S. Fisher, Esq., and by L. S. B. Sawyer, Esq., and here reprinted by permission.]

and in the fee has fixed his own measure of the value of the use of the machine for the entire term, or till that particular machine is worn out; and in case of an infringement the court gives him his price, the defendant, having paid the full price, is entitled henceforth to the use of the machine.

[Cited in Emerson v. Simm, Case No. 4,443; Goodyear Dental Vulcanite Co. v. Van Antwerp, Id. 5,600; Allis v. Stowell, 16 Fed. 787; Stutz v. Armstrong, 25 Fed. 148; Bragg v. City of Stockton, 27 Fed. 509; Kelley v. Ypsilanti Dress-Stay Manuf'g Co., 44 Fed. 21.]

[Cited in Porter v. Standard Measuring Mach. Co., 142 Mass. 195, 7 N. E. 925.]

3. A recovery of the profits for the use of the machine does not vest the title in the defendant; for the recovery, based upon this rule of damages, can only be for the use of the machine prior to the recovery, and, ordinarily, does not cover the value of the use for the entire period over which the patent right extends, or the period during which the particular machine is capable of being used.

[Cited in Perrigo v. Spaulding, Case No. 10,-994.]

4. Where the patentee of an improvement in saw-teeth sells saws with inserted teeth or inserts teeth in saw-plates owned by others, or furnishes teeth to be used in the places of those worn out, the parties purchasing, by paying his price, acquire a right to those specific teeth until they are worn out.

5. Where a patentee does not use the patented machine himself, nor establish a patent fee, but manufactures the patented article, and sells at fixed prices, seeking his compensation in the manufacture and sale at such fixed prices, and another party infringes the patent by making and selling the patented article; and where the patentee sues the party so infringing, and claims to recover, and does recover, the full amount of profits, which he himself would have obtained on said articles, had he manufactured and sold them at his ordinary prices, by such claim and recovery he adopts the sale made by the party infringing; and the right to use the specific articles so sold, and for which the recovery has been had, vests in the purchaser.

[Cited in Steam Stone-Cutter Co. v. Sheldons, 21 Fed. 878.]

6. The patentee is entitled to but one royalty for a patented machine, and he ought to have but one profit for the manufacture and use of a machine.

[Cited in Blake v. Greenwood Cemetery, 16 Fed. 679.]

7. It is one of the misfortunes incident to all violations of the rights of individuals, that the injured party is rarely compensated for all the expenses and vexations involved in an enforcement of his rights through legal proceedings. Patentees are not exceptions to this general rule.

These were bills in equity, filed to restrain the defendants [Nathaniel Page and others and J. R. Duff and others] from infringing letters patent [No. 33,270] for an "Improvement in saws" granted to complainant [Sept. 10, 1861, reissued April 21, 1863, No. 1,456].

M. A. Wheaton and Alfred Rix, for complainant.

Hall McAllister, for defendants.

SAWYER, Circuit Judge. The complainant is the patentee of a certain improvement in saws, which consist in inserting upon circular lines in sockets, fitted for the purpose, detachable teeth, in such a manner as to obviate the cracking of the saw-plate. He has not sold patent rights, nor established any royalty to be paid for the use of the patent.

The complainant, himself, manufactures and sells saws with teeth inserted upon the principle patented, and he inserts teeth in saw-plates for parties desiring to use his patent, and also manufactures and furnishes teeth to supply the places of those worn out, broken, or otherwise become useless. His manufactory is of sufficient capacity to enable him, thus far, to supply the demand on the Pacific coast. He has a fixed price for saws of given dimensions; a fixed price for inserting teeth in other saw-plates; and a fixed price for teeth furnished to supply the places of those worn out, or otherwise destroyed.

He derives his profits on his patent, wholly from the manufacture and sale of saws, with his patent teeth; the making and inserting of teeth in saw-plates owned by others, and the making and furnishing of extra teeth for use in the places of those worn out in the manner before indicated; and not from a sale to others of the right to manufacture, or from any royalty for the manufacture or use of his patented teeth.

While complainant was thus engaged in supplying the market with his patent teeth, William Tucker and S. O. Putnam sold a number of saws, and furnished a number of saw-teeth, in the state of California, manufactured by the American Saw Company, which were claimed to be an infringement on said patent, and complainant brought an action at law in the circuit court of the United States for the district of California against said parties for infringing said patent; and, in said action recovered judgment for all damages sustained by sales of said saws and furnishing said patented saw-teeth, made by said American Saw Company, prior to October 26, 1869.

Said Tucker and Putnam continuing to sell said American Saw Company's saws, and furnish their saw-teeth, said complainant afterward, on November 30, 1869, commenced another action on the equity side of said court, to recover damages and profits for the sale of said saws and teeth made subsequent to said judgment at law, and to restrain further infringements of said patent.

In this action complainant recovered for all saws sold, and teeth furnished, by said parties subsequent to those sales for which there had been a recovery in said former action, and prior to the injunction in the latter, and also obtained a decree for a perpetual injunction against said Tucker and Putnam, restraining them from further infringing complainant's patent by making, selling, or using saws embodying said invention.

The defendants in the two actions of Spaulding v. Duff and Spaulding v. Page, now under consideration, are owners of saw-mills. They respectively purchased of said Tucker and

Putnam several saws of the American Saw Company's manufacture, and sundry teeth, and used them in their saw-mills.

The said actions were brought by said complainant, November 30, 1869, against said several defendants for infringing said patent by the use in their saw-mills, respectively, of the said saws and teeth of the American Saw Company's manufacture, so purchased of said Tucker and Putnam, the said complainant asking an account of profits resulting from the use of said saws and an injunction restraining their further use.

The said saws and teeth so used by the defendants, Duff et al., and defendants, Page et al., are the saws and teeth purchased of said Tucker and Putnam, and they are a portion of the identical saws and teeth embraced in the said action at law of Spaulding v. Tucker [Case No. 13,220], and said action in equity of Spaulding v. Tucker [Id. 13,221], in which a recovery for damages and profits for the manufacture and sale of said saws and teeth has already been had.

These defendants have used no saws or teeth, which embody the said patented invention, except those identical saws and teeth, sold by said Tucker and Putnam to them; and the damages and profits, resulting from the manufacture and sale of these identical saws and teeth, have already been recovered by said complainant in said two actions against said Tucker and Putnam.

The complainant having recovered from Tucker and Putnam the full amount of the profits on the manufacture and sale of the saws and teeth in question, is he now, also, entitled to recover from the vendees of Tucker and Putnam the profits arising from the use of the same specific saws and teeth?

As singular as it may seem, I do not find this precise question decided in any of the numerous American patent cases. The defendants maintain that the recovery of the full amount of the profits, of making and selling the saws and teeth from Tucker and Putnam, operates to transfer to them and their vendees the right to those specific patented implements, and to their use in the same manner as a recovery of the value of an article in trespass, or trover, vests the title in the wrongdoer.

But the complainant insists that this principle has no application to patent rights, where the patentee has a continuing exclusive right during the life of his patent, which he can not be compelled by a wrong-doer to dispose of in invitum in this mode.

Some observations of Mr. Justice Story, in Earle v. Sawyer [Case No. 4,247], are referred to as sustaining this view. The suggestions there made had reference to the measure of damages for an infringement by making and using a machine, and whether the rule of damages should, in such a case, be the price of the machine. In the case put, the mode which the patentee adopted to obtain his remuneration is not considered.

One patentee may choose to use his invention himself, and find his profits in the sale of its products; another may establish a royalty for the use of his patent; another sell his right out for designated portions of territory; and another exclusively manufacture and sell his machines, and seek his remuneration in the profits of such manufacture and sale.

The measure of damages, and the consequences of a recovery, should have some relation to the mode of remuneration adopted by the patentee, and to the nature of the injury inflicted by the infringement. Even the consequences of a recovery with respect to the subsequent rights of the parties, may be modified by the measure of damages adopted.

This was so held by Mr. Justice Nelson, in his charge to the jury in Sickles v. Borden [Case No. 12,832]. If the principle stated in that case be correct, I think it decisive of this case. The learned justice stated to the jury, that, "if the patentee has an established price in the market for his patent right, or what is called a patent fee, that sum with the interest constitutes the measures of damages." He also stated that the adoption of the patent fee as the measure of damages for infringement by the use of a machine, operates to vest in the defendant the right to use the machine during the term of the patent. Sickles v. Borden [supra].

This must be upon the principle that the patentee has adopted a patent fee, or royalty, as one mode of remuneration, and in the fee has fixed his own measure of the value of the use of the machine for the entire term, or till that particular machine is worn out; and in case of an infringement the court gives him his price, and the defendant having paid the full price is entitled henceforth to the use of the machine.

If no patent fee has been adopted, then, generally, the patentee is entitled to recover the profits made in the use of the machine. A recovery of the profits for the use of the machine does not vest the title in the defendant, for the recovery, based upon this rule of damages, can only be for the use of the machine prior to the recovery, and ordinarily does not cover the value of the use for the entire period over which the patent right extends, or the period during which the particular machine is capable of being used.

While the recovery of the established patent fee covers the entire value, as fixed by the patentee himself, of the use for the entire term, and affords a complete compensation, the recovery of the profits for the use is but for a limited portion of the time, and but a partial compensation. Different consequences, therefore, as to the subsequent rights of the parties, flow from the recovery in the two cases.

In the cases now under consideration, the patentee had fixed no patent fee, or royalty, nor was he using the invention itself, and deriving his profits from its use and the sale of

its products. He manufactured and sold saws with his patent teeth inserted, or inserted teeth in saw-plates owned by other parties, or furnished his patent teeth to be inserted in the places of those already worn out, and he had his prices regularly fixed for his saws of various dimensions, for inserting teeth, and for teeth furnished. His compensation and profit consisted of the difference between the cost to him and those prices.

Of course when he sells a saw with inserted teeth, or inserts teeth in saw-plates owned by others, or furnishes teeth to be used in the places of those worn out, the parties purchasing, by paying his price, acquire a right to those specific teeth till they are worn out. Bloomer v. Millinger, 1 Wall. [68 U. S.] 350.

The profits made, therefore, are a full compensation fixed by the patentee himself for the use of those specific teeth till they are worn out and incapable of further use. He makes and sells to all who come upon these terms. When, therefore, a party has infringed by making and selling his patent saw teeth, and he has claimed and recovered, from the party making and selling, the profits which he would have received had he made and sold the teeth himself, he has received the full compensation for the use of those teeth, so long as they are capable of use, in the same manner and to the same extent, as he would have done had he made and sold them himself; and I do not perceive why the same consequences should not follow, as in the instance of a recovery of the patent fee, in the case of an infringement, when a patent fee has been established. If so, then a claim and recovery from Tucker and Putnam of the profits, which Spaulding would have received, had he made and sold the teeth and saws himself, must vest the right to use those specific implements sold in the vendees of Tucker and Putnam—the several defendants in these cases.

It is said, however, that the patentee does not receive full compensation when he is compelled to enforce his right by suit, instead of obtaining his profit by a voluntary sale, as the expenses of litigation are never fully recovered. If there is any thing in this position, it also applies with equal force to the case of a litigation to recover the patent fee where one has been established.

The two cases stand upon the same principle. It is also said that a party ought not to be compelled to make a sale against his will, in seeking to enforce his rights, upon the same terms, that he makes voluntary sales. It is one of the misfortunes incident to all violations of the rights of individuals, that the injured party is rarely compensated for all the expenses and vexations involved in an enforcement of his rights through legal proceedings. Patentees are not exceptions to this general rule.

But the complainant was not compelled to make a sale by the very act of seeking redress. If he was not satisfied to adopt the sales made by Tucker and Putnam, by seeking to recover the ordinary profits on the manufacture and sale of his invention, he could have omitted to seek such a judgment against them, confining himself to an injunction against them from future infringement, and then recover of their vendees the profits resulting from the use of the patented articles sold, so far as they had been used, and restrain their future use.

Either course was open to him. He had his choice of remedies, and choose to take judgment against Tucker and Putnam for the full profits on the manufacture and sale of the patented article, and by so doing he adopted the same, and recovered, so far as the court was able to ascertain from the evidence, the amount to which he was entitled, the full amount that he would have obtained had he made and sold them himself at his established prices; and by the claim and recovery, and by thus adopting the sale, the right to use the specific articles for which the recovery was had, vested in the vendees of Tucker and Putnam, the defendants in these actions.

The defendants are not shown to have used any saws or saw teeth, other than those for which the recovery has been had against Tucker and Putnam. Any other rule would enable the patentee to have a double recovery for the same thing: first, the full amount of the profits, as established by himself on the manufacture and sale—the mode of remuneration adopted by himself—and then the profits for the use of the same machine. The patentee is "entitled to but one royalty for a patented machine," and he ought to have but one profit for the manufacture and use of a machine. Bloomer v. Millinger, 1 Wall. [68 U. S.] 350.

One English authority, Penn v. Bibby, L. R. 3 Eq. 309, seems to support the position taken by the complainant's counsel; but it does not appear to accord fully with the view expressed by Mr. Justice Nelson in Sickles v. Borden [supra]. Perhaps a patentee would not be compelled, in a suit for infringement by the use of a patented machine, to accept the established patent fee as the measure of damages, instead of the profits derived from its use. It does not appear, in the case of Sickles v. Borden, whether the plaintiff insisted upon, or consented to, that rule or not. But if he does insist upon, or acquiesce in the rule laid down in that case, as the measure of damages, I do not see why the consequence stated by Mr. Justice Nelson should not follow.

In the case of Spaulding v. Tucker [supra], the complainant insisted that he was entitled to recover for the infringement, in making and selling his invention, the full amount which he would himself have made on the articles sold, had he manufactured and sold them himself upon his own established terms. He gave evidence showing the price at which he sold, and the profits realized upon sales at those prices, and the court adopted those profits as the measure of damages, and gave him

the benefit of the rule, so far as the damages could be ascertained from the testimony.

After a careful consideration of the principles thus far recognized by the authorities, I have reached the following conclusion: Where a patentee does not use the patented machine himself, nor establish a patent fee, but manufactures the patented article, and sells at fixed prices, seeking his compensation in the profits of the manufacture and sale at such fixed prices, and another party infringes the patent by making and selling the patented article; and where the patentee sues the party so infringing, and claims to recover, and does recover, the full amount of profits which he himself would have obtained on said articles had he manufactured and sold them at his ordinary prices, by such claim and recovery he adopts the sale made by the party infringing, and the right to use the specific articles so sold, and for which the recovery has been had, vests in the purchaser. The bill must be dismissed.

But, under the circumstances, I think defendants are not entitled to costs.

Let the bill be dismissed without costs to either party.

[For other cases involving this patent, see note to Spaulding v. Tucker, Case No. 13,221.]