## Case No. 5,416.
### GILBERT & BARKER MANUF"G CO. v. BUSSING.
[12 Blatchf. 426; 1 Ban. & A. 621; 8 O. G. 144.][1]

Circuit Court, S. D. New York. Jan. 20, 1875.

#### PATENTS—SECURITY FOR DECREE — INJUNCTION—EFFECT OF PAYMENT OF DECREE FOR INFRINGEMENT.

1. The plaintiffs, in a suit in this court against T., for manufacturing and selling gas machines, in infringement of a patent, obtained a decree requiring T. to account for his gains and profits from such manufacture and sale, and for all damages sustained by the plaintiffs from such infringement by T. No final decree had been entered. The plaintiffs then brought this suit against B., for infringing the patent by the use of a machine purchased by him from T., and applied for a provisional injunction to restrain the further use of the machine: Held, that B. ought to be allowed to give security for the payment of any decree that might be rendered against him, and that, if he would do so, the injunction ought not to be granted.

[Cited in Kelley v. Ypsilanti Dress-Stay Manuf'g Co., 44 Fed. 21.]

2. The payment of an amount awarded for such damages by a final decree in the suit against T. would, it seems, as to the particular machines made and sold by T., vest in the purchasers a right to the further use of such machines.

[Cited in Perrigo v. Spaulding, Case No. 10,994; Allis v. Stowell, 16 Fed. 787.]

3. But, until such payment, no such right can vest.

[Cited in Fisher v. Consolidated Amador Mine, etc., 25 Fed. 202.]

[This was a bill in equity by the Gilbert & Barker Manufacturing Company against Abraham Bussing for the alleged infringement of patent No. 93,267, granted to C. N. Gilbert and J. F. Barker, August 3, 1869, for an "improved apparatus for carburetting air."]

Edwin W. Stoughton, for plaintiffs.
Edmund Wetmore, for defendant.

WOODRUFF, Circuit Judge. The complainants heretofore filed their bill in this court against Oakes Tirrell, in which they charge him with infringing their patent, by the manufacture and sale of gas machines, the exclusive right to the manufacture and sale of which they claim under their patent.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. Samuel Blatchford, District Judge: reprinted in 1 Ban. & A. 621; and here republished by permission.]

The decision in that case [Case No. 5,417] sustained the complainants' patent [No. 93,268], and held Oakes Tirrell an infringer. Thereupon, an interlocutory decree was entered, requiring the said Oakes Tirrell to account to the complainants for all gains and profits made by him by the manufacture and sale of such infringing machines, and for all damages sustained by the complainants from the infringement of their patent by the said Tirrell. That interlocutory decree is in full legal force, and may be carried into execution, so that the complainants may have a final decree for such gains, profits and damages. I am inclined to think that, if that final decree were made, and the amount which should thereby be awarded to the complainants should be paid. it would be held an indirect affirmance of all sales made and accounted for, or a satisfaction of the damages resulting from such sales, so that, as to the particular machines so made and sold, there would result to the purchaser a right to hold and take the benefit of his purchase. Possibly, the question, whether demanding and receiving from Tirrell the mere profits of the manufacture and sale, would include the profits of the use of the machine, might arise; but, in general, the sale of a machine to a purchaser for use carries with it the right to use it, the presumption being, that whatever license fee or compensation for the use is due to the vendor, is included in the price. So, when a patentee claims and recovers, not only the actual gains and profits of the manufacture and sale, but all the damages which he has sustained therefrom, it is, at least, to be presumed, that such recovery embraces all the profit which the patentee would have received had he made and sold the machine to such purchaser with the like incidental or consequential right to use it. I do not, however, mean to affirm that a patentee may not have a decree against him who manufactures and sells an infringing machine, and also, a decree against the purchaser thereof, enjoining such manufacture and sale, and, also, enjoining the future use of the infringing machine; but, only, that the patentee cannot take compensation for the infringement, including manufacture, sale, and use, and thereafter enjoin that use for which he has taken compensation. The patentee, in such last supposed case, would stand very much in the condition of one who sues in trover for the value of his property wrongfully converted. and recovers and receives such value, in compensation for his damages. He thereby so far affirms the conversion that his title to the property is gone. But, to effect this, something more than the bringing of the action, and more than a verdict assessing damages, is necessary. There must be satisfaction.

An analogous rule, I think. applies to this case. The complainants brought their suit, and have established their title, as against Oakes Tirrell, to full compensation; but they have not received such compensation. Non constat they ever will. On the contrary, the proof, on this motion, is, that he is insolvent; and, if so, a final decree against him may be of no value. Such interlocutory decree ought not, therefore, to be regarded as any defence to the purchaser from Tirrell. Upon the case made by the bill, both Tirrell and the defendant were tort-feasors. Nothing has occurred, by reason of which the defendant is enabled to say, that he has acquired a right to use the infringing machine. Until the complainants have received some compensation or satisfaction which will operate to vest such right in the defendant, he stands undefended—assuming, of course, the validity of the patent. On the other hand, I think the complainants can be fully protected without an unqualified injunction pendente lite. The defendant is not engaged in manufacturing and selling, and does not, therefore, interfere with the business of the complainants, by competition or otherwise. He is not injuring their business, or impairing the present value or profits which they derive from their monopoly. He has a single machine, connected with, and used for lighting, his private residence. It would be a great inconvenience to him, and, so far as I can perceive, of no legitimate advantage to the complainants, to compel him to discontinue that use while this suit is pending, especially as the decree which the complainants may, if they so elect, have against Tirrell, may be fully paid and satisfied, in such wise that it might operate as satisfaction of the entire wrong in which both Tirrell and the defendant are participators. The complainants may be secured ample indemnity, and so the order of the court will work no hardship.

I do not mean to intimate, that, on the final hearing, the complainants may not be entitled to a perpetual injunction against the defendant. The complainants cannot be compelled, against their will, to permit the defendant to use their invention. All that I mean to hold now is, that the complainants can be fully indemnified for that use pending this suit, and I am of opinion that such indemnity will protect them, without subjecting the defendant to needless inconvenience and expense, until his rights can be considered and decided on a final hearing.

Neither the moving papers, nor those used in opposition to the motion, give much information as to the amount of security which should be required; and, if the complainants deem the amount which I suggest an insufficient protection, I will hear the parties on the settlement of the order. which will be, that an injunction issue, unless the defendant, within twenty days after service

of the order on his solicitor, files a bond to the complainants, with two sufficient sureties, in the sum of fifteen hundred dollars, conditioned for the payment of whatever decree may be rendered against him in this suit.