## Case No. 1,437.

BIRDSELL v. HAGERSTOWN AGR. IMP. MANUF'G CO.

[1 Hughes, 64;[1] 11 O. G. 641.]

Circuit Court, D. Maryland. March Term, 1877.

PATENTS—RESTRAINING ACTIONS FOR INFRINGEMENTS—JURISDICTION.

Where a suit upon a patent is pending against the defendant, who is manufacturing and vending an article claimed to be an infringement of the patent, and it appears to the court that the defendant is responsible for such profits and damages as may be assessed against him as the result of the suit, the court may, in its discretion, enjoin the complainant from bringing suit against the vendees of defendant. This is true, although the complainant enjoined may not be within the district at the time of the injunction, as by reason of bringing the suit he has given the court jurisdiction over him for such purposes as may be necessary to do full equity between the parties in relation to the subject-matter of the suit.

[Cited in Booth v. Seevers, Case No. 1,648a; Allis v. Stowell, 16 Fed. 788; National Cash Reg. Co. v. Boston Cash Indic. & Rec. Co., 41 Fed. 52; Kelly v. Ypsilanti Dress-Stay Manuf'g Co., 44 Fed. 21.]

Motion to enjoin complainant [John C. Birdsell] from bringing suits against the defendants' vendees.

In this case an injunction had been issued restraining defendants from infringing on the reissued patent granted complainant May 18th, 1858, [No. 20,249,] reissued April 8th, 1862, [No. 1,299,] for an improvement in machinery for hulling and threshing clover. The defendants afterwards changed the construction of their machine, and proceeded to sell clover hullers of the changed construction. On a motion made by complainant to commit them for contempt of court, for violating the injunction issued against them, by selling machines of this changed construction, the court held that on the showing made the machines were substantially different from Birdsell's patent machine, and therefore dismissed the motion. See Off. Gaz. March 13, 1877, [Birdsell v. Hagerstown Imp. Manuf'g Co., Case No. 1,436.] Thereafter, complainant notified several of the vendees of defendants, some of whom were using the original machine that had been enjoined, and some of whom were using the machine as it had been changed, that unless settlement was

[1] [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission.]

made with him forthwith, suit would be brought against them. Defendants thereupon moved, upon a cross petition filed in the original case, for an injunction to issue against the complainant, restraining him while the original suit was still pending against them, under which damages and profits could be collected for all the machines that they made and sold, from bringing any suit or threatening to bring any suit against any vendees of theirs, based upon a user of a machine that might become subject of account in the original case.

Counsel for defendants, seeking the injunction against complainant, based their motion upon the general equity jurisdiction of the court; that inasmuch as complainant had submitted himself to the jurisdiction of the court to obtain relief against the defendants, he was also subject to the order of the court in relation to any matter relating to the granting of that relief; that the defendants were thoroughly responsible, and that upon the original suit being carried on to completion, if recovery was made, the complainant would recover in that suit all the profits that defendants had obtained from the wrongful manufacture, and the damages that he had suffered by reason of the wrongful manufacture, and that complainant would therefore be put in the same position as if he had originally sold all the machines. That this being the case, he ought not to be allowed to interfere with the vendees of defendants while the suit against them was pending. In support of their position they cited the decrees of Judge Drummond in the case of Barnum v. Goodrich, [Case No. 1,036,] wherein the complainant having brought suit against the defendant, and obtained an order for defendant to keep an account of the sale of the devices alleged to be an infringement, was enjoined from prosecuting suits already begun by him in other circuits against the defendant's vendees, and from bringing any further suits against defendant's vendees; also the decree entered by the Hon. H. H. Emmons, United States circuit judge, and Hon. P. B. Swing, United States district judge, in the circuit court of the United States for the southern district of Ohio, in the case of Smith v. Fay, [Case No. 13,045,] restraining the complainant from bringing suit against the defendant's vendees in other circuits, the complainant in this case having obtained an interlocutory decree, and a reference to the master, and the suit being at that time pending before master on the question of the account.

The defendants relied upon the fact that the complainant was a resident of Indiana, and not before the court, and had sought the jurisdiction of the court for the purpose of bringing the suit, and for no other purpose. He was not therefore subject to any order upon him, that the court could not enforce an order if it made one, and it would not do an idle thing. Respondents insisted that the order could be enforced by dismissing the suit, by a fine, or, if complainant should afterwards come within the district, by imprisonment. [Motion granted.]

The respondents asking the order were represented by A. Sterling, Esq., and Hatch & Parkinson, of Cincinnati; the complainant by M. D. Leggett & Co., of Cleveland.

Before BOND, Circuit Judge, and GILES, District Judge.

The following was the decree entered by the court:

BOND, Circuit Judge. This cause coming on, etc., on petition of defendant for injunction against complainant, to restrain him from prosecuting or threatening to do so, suits against any vendee of defendant for use or sale of clover hullers made by defendant, and sold by them, and it appearing to court that complainant has threatened to bring such suits, while suit is pending by him in this court against defendants, the manufacturers, the court doth order that complainant be restrained from commencing prosecution, or threatening so to do, any suit against any vendee of defendants, for an alleged infringement of the letters patent involved in this case, and on which this case is brought, based on any user or sale by said vendee of any clover machine purchased of defendants. Provided, defendants within thirty days file a bond in the sum of $5000, with security to be approved by the court, for payment of any damages that may be adjudged against defendants in this suit, and shall also file a sworn monthly statement of the number of clover machines hereafter made and sold by them.

Both judges concurred in this.

[NOTE. For other cases involving the same patents, see note to Birdsall v. McDonald, Case No. 1,434.]