### FISHER and others v. CONSOLIDATED AMADOR MINE, ETC.

*(Circuit Court, D. California. September 7, 1885.)*

PATENTS FOR INVENTION—ACTION AT LAW FOR INFRINGEMENT—PRIOR SUIT IN EQUITY.
An answer in an action at law by a patentee to recover damages for the use of a patented article that sets up that the article used was purchased by the defendant from a manufacturer, against whom plaintiff had obtained a decree in equity for an accounting, does not state a defense unless it also avers that the accounting included the article in question, and that the decree has been satisfied by payment or otherwise.

Demurrer to Special Answer.
*Langhorne & Miller* and *W. H. H. Hart,* for plaintiff.
*J. A. McKenna,* for defendant.

SAWYER, J. This is a demurrer to a special answer. The action is brought to recover damages for the unlawful use of certain hydraulic machines, which are alleged to infringe upon reissued letters patent No. 8,876, owned by plaintiffs. The answer sets up that the same plaintiffs had previously brought suit in equity against one Hoskins, to recover the profits resulting from an infringement of the patent by Hoskins in manufacturing and selling machines constructed

according to the specifications of the patent; that a decree had been rendered in that case in favor of plaintiffs, and against Hoskins, and, upon an accounting had, the sum of $16,465.33 had been awarded to plaintiffs as the profits realized by Hoskins from manufacturing and selling said machines. The answer further alleges that the particular machines used by the defendant, and for the use of which the present action is brought, were purchased by defendant from Hoskins, and that the profits of their manufacture and sale had been included in the decree against Hoskins, and that, therefore, the plaintiffs had received satisfaction for the said machines, and defendant was not liable to plaintiffs for using the same. But the answer nowhere alleges that the Hoskins decree has ever been satisfied by payment or otherwise. In order to be a defense it must allege that said decree has been paid, or otherwise satisfied, as well as that the accounting against Hoskins included the machines in question. In the absence of such allegation the answer does not state a defense. *Gilbert & B. Manuf'g Co.* v. *Bussing,* 1 Ban. & A. 621; *Birdsell* v. *Shaliol,* 112 U. S. 485; S. C. 5 Sup. Ct. Rep. 244; *Steam Stone-cutter Co.* v. *Sheldons,* 21 Fed. Rep. 875; Walk. Pat. § 314. It follows, therefore, that the demurrer must be sustained; and it is so ordered.

If the defendant desires, it can have time to amend, though I cannot see that it can properly amend unless it can truthfully state that the decree has been satisfied, and I have good reason to know that it has not been satisfied.