STEBLER v. RIVERSIDE HEIGHTS ORANGE GROWERS' ASS'N et al.

(District Court, S. D. California, S. D.   February 18, 1914.)

No. 1562.

1. PATENTS (§ 322*)—SUITS FOR INFRINGEMENT—REFERENCES FOR ACCOUNTING.
   On a reference for an accounting in an infringement suit, the master has full power to inquire into and find all acts of infringement by either party up to the time of his report, and to award profits and damages for all such infringing acts.
   [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 590–595; Dec. Dig. § 322.*]

2. PATENTS (§ 327*)—SUITS FOR INFRINGEMENT—EFFECT OF RECOVERY AND PAYMENT OF JUDGMENT.
   Where a patentee recovers from an infringing manufacturer damages and profits on account of the infringement, and the judgment is paid, a prior purchaser from such manufacturer who is a user of the machine has the right to continue such use during the life of the machine.
   [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 620–625; Dec. Dig. § 327.*]

3. PATENTS (§ 316*) — INFRINGEMENT SUITS — SUITS AGAINST BOTH MANU-FACTURER AND USERS—STAY.
   While the pendency of a suit for infringement against the manufacturer is no bar to a suit against users of machines bought from the manufacturer, still, if the patentee sues the manufacturer for profits as well as damages, a court of equity, in a proper case, will restrain the suit against the users until the determination of the suit against the manufacturer.
   [Ed. Note.—For other cases, see Patents, Cent. Dig. § 562; Dec. Dig. § 316.*]

In Equity.   Suit by Fred Stebler against the Riverside Heights Orange Growers' Association and others.   On motion by defendants to restrain prosecution of pending suits and the institution of others. Motion granted.

Frederick S. Lyon, of Los Angeles, Cal., for complainant.
N. A. Acker, of San Francisco, Cal., for defendants.

WELLBORN, District Judge.   1. Complainant has thus far utilized his patent by manufacturing and selling directly to users his patented machines, and in this case has sued for and recovered of infringing manufacturers, who also sold directly to users, profits and damages.

[1] 2. The master has full power to inquire into and find all acts of infringement by either party, and to award profits and damages for all such infringing acts.   Robinson on Patents, § 1153, and note cited; Tatham v. Lowber, 4 Blatch. 86, 23 Fed. Cas. 722, No. 13,765.

The accounting is had up to the time of the report.   Knox v. Great Western Quicksilver M. Co., 6 Sawy. 430, 14 Fed. Cas. 809, No. 7,907.

[2] 3. Where a patentee, situated as complainant, recovers from an infringing manufacturer damages and profits on account of the infringement, and the judgment is paid, the purchaser from such manufacturer, who is a user of the machine, has the same right to such use

as he would have were he a licensee from the patentee; that is, the right to use continues during the life of the patented machine. Allis v. Stowell (C. C.) 16 Fed. 783; Gilbert & Barker Mfg. Co. v. Bussing, 12 Blatch. 426, 10 Fed. Cas. 348, No. 5,416; Perrigo v. Spaulding, 13 Blatch. 389, 19 Fed. Cas. 260, No. 10,994; Spaulding v. Page, 4 Fish. 621, 22 Fed. Cas. 892, No. 13,219; Stutz v. Armstrong et al. (C. C.) 25 Fed. 147; Fisher et al. v. Consolidated A. Mine, etc., 25 Fed. 201; U. S. Printing Co. v. American Playing Card Co. (C. C.) 70 Fed. 50; Kelley v. Ypsilanti, etc., Mfg. Co. (C. C.) 44 Fed. 19, 10 L. R. A. 686.

The case on which complainant largely relies, Birdsell v. Shaliol, 112 U. S. 485, 5 Sup. Ct. 244, 28 L. Ed. 768, does not conflict, but is in harmony, with this doctrine. While the court, in that case, holds that payment by an infringing manufacturer of damages only will not vest in him any right to the future of the infringing machine, yet the court seemingly recognizes the rule that full compensation to the patentee does free the infringing machine from the monopoly; the language of the court being:

"If one person is in any case exempt from being sued for damages for using the same machine for the making and selling of which damages have been recovered against and paid by another person, it can only be when actual damages have been paid, and upon the theory that the plaintiff has been deprived of the same property by the acts of two wrongdoers, and has received full compensation from one of them."

Payment of damages and profits is full compensation.

The law on this subject is well stated in Perrigo v. Spaulding, supra, as follows:

"But, where the patentee sells his patented instrument or machine for use by others, finding his remuneration in the profit of the sale of the manufactured machine or instrument, it is obvious that his interest is promoted by increasing the sale, and that into his profit enters the value of the patented invention over and above the cost of manufacture and the ordinary fair profit of the manufacture. Even if no patent or license fee is fixed, the value thereof, as a profit, enters into the selling price, and, if not capable of exact ascertainment, may, nevertheless, be approximated to by estimation, when necessary. When the patentee sells, he receives this profit, and thus obtains full compensation for the article sold and for the right to use it while it lasts. When, for an infringement, he obtains both the profits and damages, he will be presumed to have obtained a full compensation for all the injury he has sustained, and to be placed in as good a position as if he had made and sold the article himself. Such is, I think, the presumption between parties thus situated, and, if any different rule is sought to be applied in any particular case, it should appear that a recovery has not been sought or obtained for the whole gains of the manufacture as well as for all the damages sustained. Spaulding v. Page, before cited; Gilbert & B. Mfg. Co. v. Bussing, Fed. Cas. No. 5,416. When a patentee manufactures and sells his patented article for use, the right to use passes by the sale. If an infringer manufactures and sells, he must account for and pay the profits, which are to be calculated upon the principle that the gain by the appropriation by the patentee's invention is their measure. If there are damages sustained and proved by the plaintiff, beyond the profits made by the infringer, these also may be recovered. But, when a full recovery and satisfaction * * * has been had, the patentee has obtained all that the law gives him, and the particular article or machine, if it be a machine, becomes, in effect, licensed by the patentee, and may be used so long as it lasts, free from any further claim by the patentee."

To the same effect, in Spaulding v. Page, supra, the court says:

"Where a patentee does not use the patented machine himself, nor establish a patent fee, but manufactures the patented article, and sells at fixed prices, seeking his compensation in the profits of the manufacture and sale at such fixed prices, and another party infringes the patent by making and selling the patented article; and where the patentee sues the party so infringing, and claims to recover, and does recover, the full amount of profits which he himself would have obtained on said articles had he manufactured and sold them at his ordinary prices—by such claim and recovery he adopts the sale made by the party infringing, and the right to use the specific article so sold, and for which the recovery has been had, vests in the purchaser."

In U. S. Printing Co. v. American Playing Card Co., supra, another case cited by complainant, the same rule is stated thus:

"Where a patentee takes a decree for profits against a manufacturing infringer, he thereby sets the manufactured machine free. The distinction is obvious. In such cases the profits of the infringer are full compensation to the complainant for the wrong done him by the unauthorized manufacture and sale of the infringing machine; but, where there is merely a settlement or judgment for damages, it is only for damages in the past, and has no relation to the future."

The distinction between the recovery of mere damages and a recovery of damages and profits is expressly recognized in another, of the cases cited by complainant (Computing Scale Co. v. National C. S. Co. [C. C.] 79 Fed. 962, 966), where the court says:

"As to the prayer for an injunction against suing users who have purchased from defendants, the complainant's bill as framed prayed for an injunction and account of profits, as well as for damages against the defendant company. Upon the argument of the motion, the bill, not having been answered, was amended by striking out the prayer for an account of profits, leaving only the claim for damages. This brings the case directly within the rule laid down in Birdsell v. Shaliol, 112 U. S. 485 [5 Sup. Ct. 244, 28 L. Ed. 768]. The right of the complainant, under the authority of that case, to sue the users, is undeniable; and, if the right to sue exists, the right to warn by letters, or by circulars, or by advertisements in newspapers, exists, and cannot be enjoined."

In Kelley v. Ypsilanti, etc., Mfg. Co., supra, another case relied on by complainant, the court says:

"So, in Allis v. Stowell (C. C.) 16 Fed. 783, in which the injunction was denied, it was intimated that, 'where a patentee recovers from an infringing manufacturer full damages and profits on account of the infringement, the purchaser from such manufacturer, who is a user of the machine, will be protected in such use against a suit for infringement, as he would be if he were a licensee from the patentee.' In this view of the law it was held that, to prevent a multiplicity of suits, the court might, in a proper case, and on proper showing, require the prosecution of suits between a patentee and a mere user of the patented machine to be suspended, to await the result of the suit between the patentee and the principal infringer from whom the user purchased this machine—a doctrine in which we fully concur, although we think the application should be made to the courts in which these suits are pending."

It should be obeserved that this enunciation was by Brown, then District Judge for the Eastern District of Michigan, subsequently Associate Justice of the Supreme Court of the United States, not only

an eminent jurist, but one notably learned in the patent law, and that, in the opinion in which the enunciation was made, Birdsell v. Shaliol, supra, was considered and discussed.

The distinction between full and partial compensation—that is, between payment of profits and damages and payment of damages alone —seems to be recognized also in a quotation made in complainant's brief from Walker on Patents (4th Ed.) § 314, p. 276, as follows:

"Where the money recovered in an infringement suit for unlicensed making and selling of a specimen of a patented thing is recovered as damages for such making and selling alone, that recovery does not operate as an implied license authorizing the use of that specimen."

[3] 4. While the pendency of a suit for infringement against the manufacturer is no bar to a suit against users of machines bought from the manufacturer, still, if the patentee sues the manufacturer for profits as well as damages, a court of equity, in a proper case, will restrain the suit against the users until the determination of the suit against the manufacturer. Birdsell v. Hagerstown A. I. Mfg. Co., 1 Hughes, 64, 3 Fed. Cas. 450, No. 1,437; National C. R. Co. v. Boston C. I. & R. Co. et al. (C. C.) 41 Fed. 51.

In the latter case the court says:

"The power of a court of equity, by petition in the main suit against a manufacturer, to restrain a complainant from bringing further suits against the purchasers or users of a patented article, seems to be recognized in this country, and to be founded upon sound principles of equity. Ide v. Engine Co. (C. C.) 31 Fed. 901; Allis v. Stowell (C. C.) 16 Fed. 783; Birdsell v. Manufacturing Co., 1 Hughes, 64 [Fed. Cas. No. 1,437]. Also the unreported cases of National Cash Register Co. v. Bensinger Self-Adding Cash Register Co., decided by Judge Blodgett in the Northern district of Illinois, and Consolidated Store Service Co. v. Lamson Consolidated Store Service Co., decided by Judge Nelson of this district. Recognizing the existence of the power of this court to restrain the complainant, as prayed for, the only question which remains is whether the defendants have made out a case upon their affidavits which entitled them to this relief. I think an examination of the affidavits shows that the numerous suits brought by the complainant against the customers of the defendants are vexatious and oppressive, and that therefore an injunction should be granted as prayed for."

The pending suits against users, 31 in number, and similar suits which complainant threatens to bring, are, and would be, I think, under all the circumstances of this case, oppressive, and accordingly defendants' motion will be allowed to the extent of enjoining complainant from further prosecuting the pending suits, or bringing other similar suits, until final decree herein, or until otherwise ordered by this court, provided defendants, within five days, file a bond in the sum of $10,000, with good and sufficient sureties, to be approved by the clerk of this court, for the payment of any damages and profits that may be adjudged against them in this suit.

Defendants' attorney will prepare an order in conformity with these conclusions, and, after serving a copy on complainant's attorney, submit the original to this court for its action thereon.