## BIRDSELL & Others v. SHALIOL & Another.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR
THE NORTHERN DISTRICT OF OHIO.

Argued November 12, 1884.—Decided December 8, 1884.

Judgment for and payment of nominal damages upon a bill in equity by a patentee, without joining his licensee, against one who has made and sold a machine in violation of the patent, are no bar to a bill in equity by the patentee and licensee together, for the benefit of the licensee, against another person who afterwards uses the same machine.

This was a bill in equity for an injunction and damages for the infringement of a patent for an improvement in machines for threshing and hulling clover seed. The answer set up a former decree as an estoppel. The case was heard in the Circuit Court upon a statement of facts agreed by the parties, by which it appeared to be as follows:

Birdsell was the inventor and patentee of the improvement, and granted to the Birdsell Manufacturing Company, a corporation of which he was the president and active manager and owner of a large part of the stock, an exclusive oral license to make, vend and use his invention, but did not give it authority to license others to make, vend and use. The corporation paid him no royalty, but set apart a sinking fund to defray the expense of defending the patent in the courts.

A former suit in equity was brought by Birdsell against the Ashland Machine Company for an infringement of his patent by making and selling large numbers of machines. The Birdsell Manufacturing Company was not made a party to this suit, but participated in instituting it and carrying it on till its close. In that suit a perpetual injunction was decreed, and the case was referred to a master, before whom damages sustained by the Birdsell Manufacturing Company were proved and claimed, and who reported that the defendant had made no profits for which it should account, and that, if any damages had been sustained, they had been sustained by the Birdsell Manufacturing Company, a stranger to the suit, and that Birdsell the plaintiff,

was entitled to recover only one dollar, as nominal damages. The Ashland Machine Company afterwards, pending that suit, became insolvent; and a decree was rendered in Birdsell's favor, according to the master's report, for nominal damages and for costs, which were paid by that company.

The present suit was brought by Birdsell and the Birdsell Manufacturing Company against Gerhart Shaliol and John Feikert, who had used one of the machines manufactured by the Ashland Machine Company, and embraced in the master's report in the suit against that company.

The Circuit Court held that in the former suit the Birdsell Manufacturing Company, although not named as a party plaintiff in the bill, was in reality a co-plaintiff with Birdsell; and that, by the final decree in that suit and the recovery and payment of nominal damages, Birdsell and the Birdsell Manufacturing Company were estopped to maintain the present bill; and therefore dismissed the bill, with costs. The plaintiffs appealed to this court.

*Mr. W. W. Leggett* (*Mr. M. D. Leggett* was with him) for appellants.

No appearance for appellees.

Mr. Justice Gray delivered the opinion of the court. He recited the facts as above stated, and continued:

The plaintiffs in the present suit, Birdsell, the patentee, in whom is the legal title, and the Birdsell Manufacturing Company, his licensee, in whom is the beneficial interest, make three objections to the decree set up by way of estoppel: 1. That the Birdsell Manufacturing Company was not a party. 2. That the present defendants were not parties. 3. That only nominal damages were recovered and paid.

1. A licensee of a patent cannot bring a suit in his own name, at law or in equity, for its infringement by a stranger; an action at law for the benefit of the licensee must be brought in the name of the patentee alone; a suit in equity may be brought by the patentee and the licensee together. *Gayler* v. *Wilder*, 10 How. 477, 495; *Littlefield* v. *Perry*, 21 Wall. 205, 223;

*Paper Bag Cases*, 105 U. S. 766, 771. In a suit in equity brought by the patentee alone, if the defendant seasonably objected to the nonjoinder of the licensee, the court might, as Judge Lowell did in *Hammond* v. *Hunt*, 4 Banning & Arden, 111, order him to be joined. But when a suit in equity has been brought and prosecuted, in the name of the patentee alone, with the licensee's consent and concurrence, to final judgment, from which, if for too small a sum, an appeal might have been taken in the name of the patentee, we should hesitate to say, merely because the licensee was not a formal plaintiff in that suit, that a new suit could be brought to recover damages against the same defendant for the same infringement.

2. It is a more serious question whether a decree in favor of the patentee, upon a bill in equity against one person for making and selling a patented machine, is a bar to a subsequent suit by the patentee against another person for afterwards using the same machine within the term of the patent. A license from the patentee to make, use and sell machines gives the licensee the right to do so, within the scope of the license, throughout the term of the patent; and has the same effect upon machines sold by the licensee under authority of his license, that a sale by the patentee has upon machines sold by himself, of wholly releasing them from the monopoly, and discharging all claim of the patentee for their use by anybody; because such is the effect of the patentee's voluntary act of licensing or selling, in consideration of the sum paid him for the license or sale. *Adams* v. *Burke*, 17 Wall. 453. But an infringer does not, by paying damages for making and using a machine in infringement of a patent, acquire any right himself to the future use of the machine. On the contrary, he may, in addition to the payment of damages for past infringement, be restrained by injunction from further use, and, when the whole machine is an infringement of the patent, be ordered to deliver it up to be destroyed. *Suffolk Co.* v. *Hayden*, 3 Wall. 315, 320; *Root* v. *Railway Co.*, 105 U. S. 189, 198; *Needham* v. *Oxley*, 8 Law Times (N. S.) 604; *S. C.* 2 New Rep. Eq. & Com. Law, 388; *Frearson* v. *Loe*, 9 Ch. D. 48, 67. No more does one, who pays damages for selling a machine in infringement of a patent,

acquire for himself or his vendee any right to use that machine. In the case of a license or a sale by the patentee, the rights of the licensee or the vendee arise out of contract with him. In the case of infringement, the liability of infringers arises out of their own wrongful invasion of his rights. The recovery and satisfaction of a judgment for damages against one wrong-doer do not ordinarily confer, upon him or upon others, the right to continue or repeat the wrong.

This view is in accord with the judgment of Vice-Chancellor Wood (afterwards Lord Chancellor Hatherley) in two suits brought by a patentee, the one against the manufacturer, and the other against the user, where the plaintiff asked for an injunction against each, for an account against the manufacturer, and for damages against the user, and declined to accept an offer of the user to pay him the like royalties that other persons paid. It was argued in behalf of the user that the patentee was not entitled to damages against him, as well as to an account against the manufacturer; and could not have an account against the seller without adopting the sale, and, if he adopted the sale, had no right to get anything from the purchaser. But the Vice-Chancellor held that the plaintiff was entitled to an injunction, to an account, or, upon his waiving that, to damages against the manufacturer, and also to damages against the user, and said: "With regard to the damages, it has never, I think, been held in this court that an account, directed against a manufacturer of a patented article, licenses the use of that article in the hands of all the purchasers. The patent is a continuing patent, and I do not see why the article should not be followed in every man's hand, until the infringement is got rid of. So long as the article is used, there is continuing damage." "As to the royalties, I cannot compel the plaintiff to accept the same royalty from these defendants as he receives from others. I cannot in the decree do less than give the plaintiff his full right, and I cannot bargain for him what he may choose, or may not choose, to do." *Penn* v. *Bibby*, L. R. 3 Eq. 308; *S. C.* 15 Weekly Reporter, 192.

3. If one person is in any case exempt from being sued for damages for using the same machine for the making and sell-

ing of which damages have been recovered against and paid by another person, it can only be when actual damages have been paid, and upon the theory that the plaintiff has been deprived of the same property by the acts of two wrongdoers, and has received full compensation from one of them. In that view, the case of the patentee, whose right of property under his patent had been invaded, would be analogous to that of one from whom personal property had been taken.

But, according to the law of England, as well as of America, the owner of a chattel, which others have taken from him and converted to their own use, is not deprived of his property therein by recovering judgment for damages against any or all of them, without actual satisfaction by somebody. By the law of England, indeed, as declared by its courts, upon technical grounds, the owner of a chattel, who has recovered judgment for its value in trover against one of two joint tortfeasors, cannot, although that judgment remains unsatisfied, bring a like action against the other for the same cause. But, even by that law, such a judgment against the one, without satisfaction, does not vest the property in the chattel in him, or bar a subsequent action against the other for continuing to detain the chattel. Holroyd and Littledale, JJ., in *Morris* v. *Robinson*, 5 D. & R. 34, 47, 48; *S. C.* 3 B. & C. 196, 206, 207; *Brinsmead* v. *Harrison*, L. R. 6 C. P. 584, and L. R. 7 C. P. 547, 554; *Ex parte Drake*, 5 Ch. D. 866. In *Brinsmead* v. *Harrison*, Mr. Justice Willes observed that to say that the mere obtaining judgment for nominal damages vests the property in the defendant would be an absurdity. L. R. 6 C. P. 588.

By our law, judgment against one joint trespasser, without full satisfaction, is no bar to a suit against another for the same trespass. *Lovejoy* v. *Murray*, 3 Wall. 1. The reasons are therefore stronger, if possible, here than in England for holding that a judgment for nominal damages against one wrongdoer does not bar a suit against another for a continuance of the wrong.

The result is, that, in any view of the case, the decree of the Circuit Court dismissing this bill was erroneous, and must be

*Reversed.*