## BRAGG *v.* CITY OF STOCKTON.

*(Circuit Court, D. California.* May 10, 1886.)

1. PATENTS FOR INVENTIONS—INFRINGEMENT—ELECTION OF REMEDIES FOR INFRINGEMENT OF PATENTS.

The patentee may sue at law for his royalty or patent fee, one who infringes by using his invention; or, at his election, sue in equity for the profits arising from such infringement, and for an injunction against further use.

2. SAME—NOVELTY—GONG ATTACHMENTS FOR FIRE-ENGINE HOUSES.

Claims 3 and 4, in patent No. 6.831, re-issued to Robert Bragg, for gong attachments for fire-engines, sustained.

3. SAME—REGISTERING STROKE OF ALARM.

The third claim of patent No. 173,261, issued to Robert Bragg, for an invention registering the number of strokes for giving a fire alarm, sustained.

4. SAME—PRIOR USE—NOTICE.

Testimony taken before the examiner, under objection, tending to show prior use, will be rejected by the court, when no notice of such prior use has been given, and it has not been set up in the answer.

In Equity.

*Joseph Leggett* and *Montague R. Severson,* for complainant.
*F. H. Smith,* for defendant.

SAWYER, J., *(orally.)* In this case I have had some difficulty in determining, under the decisions in the circuit courts on the subject, whether or not the bill in equity should be maintained. See *Smith v. Sands,* 24 Fed. Rep. 470, and cases cited. It does not appear that this defendant has ever made or sold any machines including the invention in question, or that it intends to do anything of the kind, but has only used some three or four machines which other parties made for it, there being no evidence of an intention to use any other machines than those it now has.

As compensation for the machines used is prayed for, the question arises whether complainant will be entitled to an injunction. As said in the case of *Spaulding* v. *Page,* 1 Sawy. 703, I think the complainant may waive a license fee, and elect as his remedy an injunction against the further or continued use of the machines. Of course, if he can do that, he can maintain his suit in equity. But in order to do that he cannot recover a *royalty* upon those machines; for by paying the royalty the defendant would be entitled to use them until worn out, and should not be enjoined from so doing; and for the royalty his remedy at law is simple. Complainant would have to be limited to the profits and damages arising from the use of those particular machines, up to the time of the restraining of their further use, if a perpetual injunction against further use is sought. In that aspect, I think it is a proper case for equity jurisdiction, on the ground that the complainant is entitled to an injunction, without dam-

ages, if he prefers, or to an account of profits to the present time, and to an injunction against further use.

In *Birdsell* v. *Shaliol*, 112 U. S. 487, S. C. 5 Sup. Ct. Rep. 244, says Mr. Justice GRAY:

"But an infringer does not, by paying damages for making and using a machine in infringement of a patent, acquire any right himself to the future use of the machine. On the contrary, he may, in addition to the payment of damages for past infringement, be restrained by injunction from further use, and, when the whole machine is an infringement of the patent, be ordered to deliver it up to be destroyed."

It would seem that the injured party should be the one to elect that one of two remedies against a wrong-doer which he deems most advantageous. An injunction against further use may be preferable to a license fee. The mere license fee is not a complete recompense, when the patentee is driven to the expense of a lawsuit by the wrongdoer.

From a careful examination of the evidence, I think the third and fourth claims of reissued patent No. 6,831; also the third claim of letters patent No. 173,261,—have been infringed by defendant by the use of the inventions covered by these claims. Unless enjoined it is evident that defendant will continue to use those machines which it already has. I think, also, that these claims are valid.

An attempt was made to establish an anticipation of the invention covered by the third claim of letters patent No. 173,261. As in most cases where a valuable invention has been patented, a witness appeared who testified that, prior to the date of the patent, he saw something like it. I am not satisfied that the witness who testified in this case on that point ever made a device like that described in third claim of patent. There is no other testimony to support his statement. If he made the machine for Stephen D. Field, as he testifies, and it was used for several years so publicly, in San Francisco, as he states, there would certainly have been other witnesses who would have seen it. In the case of *Bragg* v. *City of San Jose*, in this court, in relation to the device which he says he manufactured for Field, this same witness gave a very different description from that which he gives in this case; and his testimony in the San Jose case has been introduced in this case to contradict his testimony now given. His testimony in that case was in accordance with the exigencies of that occasion. His uncorroborated testimony, therefore, in view of his inconsistent testimony before given, is unsatisfactory. The testimony of the witnesses Phelps and Edmonds is wholly rejected, because no notice of such testimony was given in the answer, or as required by the statute; consequently, there was no issue to which their testimony could be made applicable, and the testimony was improperly taken. I would suggest, generally, that, in practice before the examiner, counsel are in the habit of insisting upon introducing incompetent testimony, with the hope, I presume,

that it may be considered by the court. But it is merely a waste of time and money to take such testimony, as the court must reject it when it comes to an examination of the case.

Let there be a decree in favor of complainant, sustaining the third and fourth claims of reissued letters patent No 6,831, and the third claim of letters patent No. 173,261; and a reference to the master for an accounting for the profits arising from the use by defendant of the infringing machines up to the present time; and that a perpetual injunction issue, restraining the future use of the inventions by defendant.