JENNINGS and others *v*. DOLAN.

SAME *v*. KIBBE and others.

*(Circuit Court, S. D. New York. February 9, 1887.)*

1. EQUITY—MASTER—EXCEPTIONS—FINDING—WAIVER.

Exception to a principal finding of a master, based on all the evidence in his report, is not waived by refraining from making the exception before the master, and subsequently making it before the court, since all that the parties could do would be to request the master to change his finding, a thing which they were under no obligation to do.

2. PATENTS FOR INVENTIONS—SEVERAL INFRINGERS—DAMAGES.

Where several parties infringe a patent, one by manufacturing and the others by selling the goods so manufactured, the torts are both joint and several, and there may be several judgments, though but one satisfaction; and it is not necessary that the fact that the same damages are included in two decrees should appear in the decrees, to limit the plaintiffs to one satisfaction.

**3. SAME—MASTER'S REPORT.**

The want of a statement in the master's report that the same damages were included in two suits is no ground for setting aside and recommitting the reports, the fact being conceded.

In Equity.

*Arthur* v. *Briesen*, for plaintiffs.

*John R. Bennett*, for defendants.

WHEELER, J. The master has reported that the defendant Dolan has made and sold 3,075 9-12 dozen nubias, in infringement of the plaintiffs' patent No. 218,032, and that the defendants in the other of these cases have sold 2,785 9-12 dozen, in like infringement, and that the plaintiffs have an established license fee of 50 cents per dozen nubias manufactured under that patent. It is conceded that those sold by the defendants in the latter case were sold for the defendant in the former, and are included in those reported as made and sold by him. The defendants in both cases except to the finding of the master that there was an established license fee, and object to a decree for anything beyond a merely nominal sum in the latter case. The master submitted a draft report to the counsel of the respective parties, and defendants' counsel deferred his objections, and made no further question to the master. The plaintiffs insist that he thereby waived all ground of exception to the report. But this exception is to a principal finding, upon all the evidence in the case, about which nothing could be done before the master except to request him to change his finding. The defendants were under no obligation to make that request after he had announced his conclusion upon that point, but could raise the question before the court as to whether the finding was warranted by the proofs, by filing his exception in court according to the rules of the court. *Hatch* v. *Railroad Co.*, 9 Fed. Rep. 856. The exceptions to that finding raise that question. There was evidence, however, tending to show that the plaintiffs had established that license fee under this patent for such nubias as Dolan made infringing upon it. The weight of the evidence was for the master, and his conclusion upon it should not be disturbed unless he has gone contrary to it. It was not contradicted in this respect, and his conclusion appears to be well warranted by it. The master does not report any profits made by the defendants, but damages suffered by the plaintiffs in consequence of the infringement. The established license fee is resorted to as a measure of such damages. All the defendants in both cases participated in the tort constituting the infringement so far as Dolan made and the others sold the same infringing articles. Such torts are both joint and several, and those who commit them are liable jointly or severally. There may be several judgments, but only one satisfaction. *Lovejoy* v. *Murray*, 3 Wall. 1; *Birdsell* v. *Shaliol*, 112 U. S. 485, 5 Sup. Ct. Rep. 244. The plaintiffs are therefore entitled to a decree against Dolan for the whole damages for making and selling all the infringing articles that he made and had sold for him; and against the defendants in the other case for the damages resulting from what of those articles they sold for

him.   Satisfaction of these damages by any of the defendants in either case will, however, be satisfaction of that amount in both cases.   It is not necessary that the fact that the same damages are included in both decrees should appear either in the reports or decrees in order to limit the plaintiffs to one satisfaction.   If they should attempt to enforce collection of that amount a second time, they would be restrained by proper proceedings.   It would be well, nevertheless, that this fact should appear.   The master would doubtless have stated it in the reports if the defendants had so requested.   As they did not so request, the want of the statement is no ground for setting aside or recommitting the reports.   As the fact is conceded, it may be stated in the decrees.

Exceptions overruled, reports accepted and confirmed, and decrees to be entered accordingly.