### IDE *v.* BALL ENGINE Co. and others.

*(Circuit Court, S. D. Illinois.* August 17, 1887.)

PATENTS FOR INVENTIONS—SUIT FOR INFRINGEMENT—RESTRAINING THE BRINGING OF OTHER SUITS.

I., having brought suit for infringement of a patent, B., one of the defendants, before answering, filed an intervening petition, in which it was alleged that B. had a good defense to the suit; that he was able and competent to pay any damages that might be assessed against him; that I. had threatened to sue purchasers of the defendant for the same infringement; and praying that plaintiff be restrained from bringing such threatened suits pending the de-

cision in this case. The petition was also accompanied by affidavits supporting B.'s claim to a good defense. *Held*, that the court had the power to make the restraining order prayed for, and that the petitioner was entitled to such order.

In Chancery. Upon application of intervening petitioner, Ball Engine Company, for restraining order.

*J. K. Hallock* and *Brown, Wheeler & Brown*, for petitioner, Ball Engine Co.

*Gross & Broadwell* and *Offield & Towle*, for complainant.

ALLEN, J. On the fifth instant complainant, Albert L. Ide, filed his bill in this court against the Ball Engine Company and others, alleging, among other things, that on the eighth day of July, A. D. 1884, a patent was issued to him as inventor of a certain new and useful improvement in steam-engine governors, not known or used by others before his said invention; and that on the twenty-fifth of November, A. D. 1884, he was awarded a patent for another new and useful improvement in steam-engine governors; that these two several improvements, described in said respective letters patent, are capable of being employed, embodied, and used in each and every steam-engine governor manufactured. The bill alleges that the defendants are making and constructing, using, and selling large numbers of steam-engine governors, embodying the inventions and devices, and substantially like and upon the plan and principle, and in imitation of the said improvements contained, in said letters patent so issued to complainant; and prays for an account; and that defendants be decreed to pay over to complainant all gains and profits realized by them; and also all other damages suffered by complainant from the infringement of rights intended to be secured by his said letters patent; and for an injunction perpetually restraining defendants from making, using, or vending any steam-engine governors containing the improvements and inventions secured to complainant by said several letters patent.

The Ball Engine Company, one of the defendants, on the sixth instant, entered its appearance in said cause, and on the same day presented a petition for a temporary restraining order. The petition is sworn to by F. H. Ball, and alleges, in substance, that it will in due season file a sufficient and complete answer to complainant's bill, and will make known the fact that the petitioner is the licensee of F. H. Ball under letters patent issued to the said Ball No. 358,829, on March 8, 1887, for improvement in steam-engine governor, and under such authority is engaged in the manufacture of steam-engines at Erie, Pennsylvania; that it is also the owner of a number of other patents on steam-engines; and that the engines which it manufactures and sells are made under some or all of the patents it owns or is licensed under. The petition further states that the answer will expressly deny that any of the engines it has made or sold embody any of the inventions described and claimed in the patents named in said bill of complaint. The said answer will also allege, according to the petition, that letters patent No. 301,720,

named in said bill of complaint, is void by reason of the invention therein described and claimed having been made and used prior to the alleged invention by the said Ide, and that the said answer will give names of persons and their residence who made and used the said invention before the said Ide claims to have invented it. The petition further states that the said complainant, Ide, has threatened and is threatening to sue the purchasers of defendant's engines on the patents on which suit has been brought against the defendant. A threatening circular issued by Ide is made a part of the petition. The petition further represents that the making of such threats, and the bringing of such suits against the vendees of petitioner, will work irreparable injury to it; that it is entirely able and competent to pay any and all sums of money that may be assessed against it by the court for having infringed any good and valid patent named in said bill of complaint; and concludes by praying that the complainant, having elected to bring his suit against petitioner, the patentee, and others engaged in the manufacture, should be estopped and restrained from bringing suits at law or equity against the purchasers or vendees of any engine or engine-governor made by petitioner, during the pendency of this suit, until the questions to be at issue in this court and suit are determined.

The petition is supplemented by affidavits from a number of able and distinguished mechanical and civil engineers, stating, in substance, that the affiants are familiar with the letters patent issued to Ide in 1884, as well as the patent issued to F. H. Ball, No. 358,829, in 1887, and fully understand the inventions respectively set forth; that the Ball invention is an entirely different thing from the Ide invention, and is for a different purpose; and that the devices shown in the Ball patent do not and could not perform the functions of the devices shown in the Ide patent, and *vice versa.*

Complainant has not thought proper, upon the pending motion, to introduce any evidence, in the form of affidavits or otherwise, tending to show that the Ball patent infringes upon what was covered or secured to him by his letters patent of the eighth of July and the twenty-fifth of November, 1884, but insists that there is no power authorizing the court to restrain him from bringing suits on his patent against any one, and as many as he chooses at the same time, before that patent is adjudged to be invalid; that the granting of the letters patent cover the right to sue all or any, whether manufacturers, their vendees or users, who infringe.

With the *prima facie* case established on complainant's behalf by his several letters patent issued in 1884, alone and unaided, it is insisted that, notwithstanding this *prima facie* case has been successfully met and overcome by the evidence supplementing the petition, yet the court is powerless from temporarily restraining the bringing a multiplicity of suits, which might result in irreparable injury to the petitioner, pending the suit involving the validity of the Ide patent. I cannot assent to this view. If the Ide patent is valid, and the Ball patent infringes upon the rights secured to complainant, that fact can be determined at an early

day by complainant's prompt prosecution of his pending suit against the defendants. If some inconvenience or injury to complainant is caused in the mean time by the user of goods in the manufacture of which his patent was infringed, it is better that he submit than that the courts be flooded with suits against the users. Public policy would seem to favor the rule that litigation for the purpose of ascertaining and sustaining the validity of a patent should be between the patentee and alleged infringing manufacturers. A doubt has been expressed upon the argument as to the authority of the court under the pleadings to issue the order asked, no answer being on file, nor cross-bill for affirmative relief interposed. While hesitating, I have concluded that the application should be disposed of on its merits. The complainant has invoked the chancery jurisdiction, and the petitioning defendant, without reference to the mere form of its pleading, in view of the record before me, seems entitled to the order prayed for in the petition; and, to the extent of restraining complainant from prosecuting suits against the purchasers or users of the Ball engine patent until the pending litigation involving the validity of the several patents terminates, the order will be granted.