THOMPSON *et al. v.* AMERICAN BANK NOTE Co. *et al.*, (seven cases.)

*(Circuit Court, S. D. New York.* June 6, 1888.)

1. PATENTS FOR INVENTIONS— INFRINGEMENT—MACHINES FOR FORMING STAPLE-SEAMS.

Claim 3 of letters patent No. 136,340, of February 25, 1873, to Samuel W. Shorey, for "machines for forming staple-seams in leather," is: "in combination with the bender-foot and driver, the inclined and retreating anvil, operating substantially as described." *Held,* that a machine which did not use the inclined and retreating anvil of the combination to support the crown of the staple, but did use that part of the device necessary to prevent the prongs from crippling inward as the staple is driven home, was an infringement; the inward support of the prongs being the principal part of Shorey's invention.

2. SAME—PRELIMINARY INJUNCTION.

Where the machine used by defendant is clearly an infringement, it is no defense to a preliminary injunction that the manufacturer from whom defendant bought it has been enjoined in another suit; and this is especially so where it does not appear that the decree against the manufacturer was for the profits of a sale for use.

In Equity. On motion for preliminary injunction.

Bill for an alleged infringement of letters patent No. 136,340, of February 25, 1873, to Samuel W. Shorey, assignor to Ezra B. Keith, for "machines for forming staple-seams in leather." The third claim is as follows: "In combination with the bender-foot and driver, the inclined and retreating anvil, operating substantially as described."

*Horace Barnard,* for the motion.

*G. P. Lowrey,* and *H. D. Donnelly, contra.*

WHEELER, J. This cause has now been heard on a motion for a preliminary injunction against an alleged infringement of a patent. The patent was under consideration, and the validity of the third claim was sustained in *Thompson* v. *Gildersleeve,* 34 Fed. Rep. 43. One function of the inclined and retreating anvil of that claim, operating substantially

as described, is to fill the space between the prongs of the staple as it is driven home, whereby they are prevented from inward crippling. This effect is not specifically set forth in the patent, but that omission does not exclude it from the exclusive rights covered by the patent. *Blanchard* v. *Beers*, 2 Blatchf. 411; *Roberts* v. *Ryer*, 91 U. S. 150. It was not mentioned in the decision of the former case, for the infringement there was clear, without reference to it, and it had not been made a subject of debate. These defendants do not use the inclined and retreating anvil of the combination, or its equivalent, in the operation of the device, to support the crown of the staple; the part of the device which performed that function is taken away. But the part which is necessary to prevent the prongs from crippling inward as the staple is driven home remains, and is used for that purpose. That part was made to retreat there by the force of the driver on the face of the incline. It is made to retreat here by the force of the driver operating by means of a projection from the driver on an inclined depression further back in the same part. That part of the inclined and retreating anvil which supported the crown of the staple appears to have been taken away for the purpose of evading the patent. The evasion would be successful if the support of the crown only was all that was covered by this claim, or the part supporting the prongs against inward crippling had not been left. But the support of the crown was not all, nor the most important part; the inward support of the prongs is the principal thing, although not made by the patent so prominent. The part which furnishes the latter support is retained, and accomplishes that result by substantially the same means, operating in substantially the same way as it is accomplished by the patented devices, and those before adjudged to be an infringement. It therefore is itself an infringement. *Cantrell* v. *Wallick* 117 U. S. 689, 6 Sup. Ct. Rep. 970.

This conclusion merely carries out the former decision, and does not appear to be contrary to the oral expressions of opinion by BLODGETT, J., in the Northern district of Illinois, in *Thompson* v. *Manufacturing Co.* The defendant in that case appears to be the manufacturer of the machines used by this defendant, and that fact is relied upon as a reason for refusing this injunction. But these users are infringers, and an injunction there would not cover this use; neither would a decree for the damages of manufacture cover those for the use. *Birdsell* v. *Shaliol*, 112 U. S. 485, 5 Sup. Ct. Rep. 244. A decree for the profits of a sale for use, with satisfaction, might relieve the use from the monopoly, but no such decree appears to have been made and such proceedings may not be had. As this claim of the patent has been adjudged to be valid, and that adjudication stands in force, the orators appear to be entitled to the preliminary injunction asked for in this case and in the six other cases heard at the same time. Motion granted in all the cases.