## ELECTRIC GAS–LIGHTING CO. v. WOLLENSAK.

(Circuit Court, N. D. Illinois. July 1, 1895.)

PATENTS FOR INVENTIONS—DAMAGES.

In a suit for the infringement of a patent a judgment was entered by consent for $1 damages and $350 costs, the taxable costs being only $88. Held, that payment of this judgment did not release the defendant from liability for future infringement, since that did not amount to payment of actual damages, the expenses of suit being always more than the taxable costs.

In Equity. Suit by the Electric Gas-Lighting Company against John F. Wollensak.

James H. Raymond and Edward P. Payson, for complainant. Banning, Banning & Sheridan, for defendant.

GROSSCUP, District Judge (orally). The bill in this case charges the defendant with infringement of letters patent No. 225,071, issued to Henry F. Packard, March 2, 1880, for an "improvement in electric gas-lighting devices." The defendant was a user of the devices as vendee of Henry A. Cleverly, or the Cleverly Electric Works of Philadelphia. The defendant alleges that, after the sale of the devices to him, he fully settled with the complainant the matter of infringement, whereby the defendant has been released from any obligation to further answer the complainant's claims. It appears that, in January, 1888, a bill was filed against Cleverly, by the complainant, in the circuit court for the Eastern district of Pennsylvania, charging him with the infringement of the patents in suit, upon which a preliminary injunction was granted, and other proceedings had, and in which a final decree was entered on the 19th of April, 1892, by consent of the parties. The decree in question was meant to establish the validity of complainant's patents, all question thereto being waived by the defendant, and concluded as follows:

"That the complainants recover of defendant nominal damages, in the sum of $1, without reference to a master, and that the defendant pay all costs, to be taxed by the clerk, in the sum of $350."

It is admitted that this sum has been paid by Cleverly, a receipt having been given to him by the complainant, which provides, however, that this payment does not discharge said Cleverly, or any other person, from any further liability arising from infringement of the letters patent in question, but that the complainant agrees not to further prosecute Cleverly for any infringement to the date thereof.

The supreme court, in Birdsell v. Shaliol, 112 U. S. 485, 5 Sup. Ct. 244, have held that a satisfaction of judgment, by the maker or ven-

dor of the patented article, of damages for an infringement of the letters patent, does not exonerate the user, except when actual damages, and not merely nominal damages, have been paid. The only question presented, therefore, in this case, is whether the complainant has received from Cleverly actual damags for the infringement of its letters patent. It seems very plain to me that the privilege of examining Cleverly's books is not to be regarded as a consideration in the light of actual damages. It must be assumed that complainant's patents are valid. If they are not this whole discussion is immaterial, and it is not entitled to a decree, howsoever the injunction between it and Cleverly may be regarded. The whole contention of the defendant assumes the rightful validity of these patents; otherwise, there would be no occasion for its existence. Upon that assumption, it clearly had such right of examination, without being under any obligation to make any payment therefor.

Neither is the effect of the decree as a settlement of disputed claims to be regarded as a consideration. If complainant's patents were valid, it was its right to have these claims settled without dispute or cost. The only question is whether the money consideration paid must be regarded as actual damages. It appears pretty satisfactorily that the total amount of taxable costs was but $88.28, so that the complainant has received, in excess of such costs, something like $261. This, plainly, is a larger sum than mere nominal damages; but actual damages are not necessarily the converse of nominal damages. It is evident, from the transaction, that the complainant, to establish its rights under the law, has been subjected, not simply to the costs taxable under the rules, but to the usual and ordinary expenses of carrying on such litigation. I am of the opinion that I should take judicial notice of the fact that such expenses, under the circumstances set forth, would exceed the sum of $261. There is, therefore, in fact, nothing left to compensate the complainant for the damages it has suffered by reason of the infringement. It follows that the defense set up is insufficient, and that the complainant is entitled to a decree.