ALDRED v. BREITWIESER et al.

(Circuit Court, W. D. New York. August 30, 1904.)

1. PATENTS—SUIT FOR INFRINGEMENT—ESTOPPEL.

The owner of a patent is not estopped to maintain a suit for infringement against the user of an article which is admitted to be essentially the same as one which has been held to infringe by the Circuit Court of Appeals, because of a contrary decision by the Circuit Court of Appeals of another circuit in a suit against the manufacturer of defendant's article.

In Equity. Suit for infringement of letters patent No. 492,913, for an electric lamplighter, granted to Josephus C. Chambers March 7, 1893. On motion for preliminary injunction.

Louis K. Gillson and Offield, Towle & Linthicum, for complainant. Taylor & Hulse and August Becker, for defendants.

HAZEL, District Judge. This is an application for an injunction pendente lite to restrain the defendants, a copartnership, having its principal place of business in Buffalo, from infringing letters patent No. 492,913, issued to Josephus C. Chambers March 7, 1893, and by him assigned to complainant. The patent relates to an improvement in electrical lamplighters. The moving papers show that the Circuit Court of Appeals for this circuit in Eldred v. Kirkland, 130 Fed. 342, and the Circuit Court of Appeals for the Seventh Circuit in Eldred v. Kessler, 106 Fed. 509, 45 C. C. A. 454, have differently construed the scope of the patent in suit. In the latter case, which was the earlier, it was decided that the Chambers patent must be narrowly construed, and, as the defendant therein did not infringe the precise construction, the bill as to him was dismissed; while in the first-mentioned case it was held that complainant's structure, although not a pioneer invention, was nevertheless entitled to a liberal interpretation, and the defendant's lighter, made in substantial compliance therewith, was declared to infringe. It was practically admitted on the hearing that the structure of the defendants, made and sold to them by William F. Kessler, defendant in the case considered in the Seventh Circuit, is in its essential material features exactly the same as the lighting device which was before the Circuit Court of Appeals in the Case of Kirkland, supra. No question, therefore, arises of doubtful invention or of noninfringement.

The point strenuously asserted by defendants is that the adjudication in the Seventh Circuit, restricting the scope of the patent in suit, is res adjudicata as to these defendants, who, as has been stated, purchased the infringing device from Kessler, the defendant in the Indiana case, and because of such decision the doctrine of estoppel has application. These propositions are based upon a theory thought to be

¶ 1. Effect of previous adjudication as to patent on Circuit Court of Appeals, see notes to Consolidated Piedmont Cable Co. v. Pacific Cable Ry. Co., 3 C. C. A. 572; Thomson-Houston Electric Co. v. Hoosick Ry. Co., 27 C. C. A. 427; United States Freehold Land & Emigration Co. v. Gallegos, 32 C. C. A. 475.

fallacious that though the lighters in question admittedly are an infringement, as decided by the Circuit Court of Appeals for the Second Circuit, the decision of the Seventh Circuit, nevertheless, gives to the manufacturers of the lighters the right to make and sell them, and therefore the defendants, purchasers of the Kessler structure, are also protected by the earlier decision. No precedent is called to my attention authorizing the application of the principles of estoppel under similar circumstances. The authorities cited by defendants (Allis v. Stowell [C. C.] 16 Fed. 783; Ide v. Ball Engine Co. [C. C.] 31 Fed. 901; National Cash Register Co. v. Boston Cash Indicator and Recorder Co. [C. C.] 41 Fed. 51), from which the argument is evolved, do not apply. Even if they did, the cases cease to be an authority. Kelley v. Ypsilanti Dress Stay Mfg. Co. (C. C.) 44 Fed. 19, 10 L. R. A. 686; Birdsell v. Shaliol, 112 U. S. 485, 5 Sup. Ct. 244, 28 L. Ed. 768; New York Filter Co. v. Schwarzwalder et al. (C. C.) 58 Fed. 577. In the latter case, Judge Lacombe denied the motion for an order restraining the complainant from interfering with the business of the petitioner in sending out notices, threats, and warnings of infringement suits, etc., saying, in effect, that the law is settled by Birdsell v. Shaliol, supra, that recovery against the maker of an infringing apparatus is no bar to an action against the user for damages resulting from its use, and for injunction against further use. In this connection it should be noted that since the hearing of this motion Kessler has, without success, applied to Judge Kohlsaat, of the Northern District of Illinois, in a suit against this complainant, for an injunction restraining him from bringing suits against the users and sellers of the lighter held in this circuit to be an infringement, on the ground that the controversy resulting from the alleged infringement of the lighter described in the Chambers patent was res adjudicata. In the absence of express authority upholding the views of counsel for defendants, this court is not inclined to refuse the relief to which complainant is apparently entitled. In the circumstances here appearing, complainant is entitled to have his rights protected in limine.

The application for preliminary injunction is granted.