BREDIN et al. v. SOLMSON.

(Circuit Court, D. Maryland. October 27, 1905.)

PATENTS—SUIT FOR INFRINGEMENT——RECOVERY OF PROFITS.

 The owner of a patent, who has granted an exclusive license thereunder for certain territory, cannot, suing alone, recover profits made by an infringer which, but for the infringement, would have inured to the sole benefit of the licensee.

 [Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Patents, § 580.

 Accounting for profits by infringer of patent, see note to Brickill v. Mayor, etc., of City of New York, 50 C. C. A. 8.]

In Equity. Suit for infringement of patent. On exceptions to master's report upon profits and damages.

S. S. Bacon and Bacon & Milans, for complainants.
Charles M. Clarke, for respondent.

MORRIS, District Judge. The complainants are the owners of patent No. 424,905, granted to Albert Clinton Sims, April 1, 1890, for an improvement in weather strips, and by a decree of this court (132 Fed. 161), affirmed by the Circuit Court of Appeals for the Fourth Circuit (136 Fed. 187), the patent was held good, and the defendant, Moses Solmson, was held to have infringed it and was enjoined. The case was then referred to a special master to ascertain and report the profits made by the defendant from the improvement and the damages suffered by the complainants. At the hearing before the master it was made to appear that the complainants, as owners of the patent, had the patented weather strips manufactured by the Chamberlaine Metal Weather Strip Company of Detroit, the stock of which corporation they owned, and that to introduce and sell the weather strips to the public they contracted with persons in designated territories to become the exclusive licensed agents for its sale during the life of the patent. For the territory of Maryland, Virginia, Delaware, and the District of Columbia Burch and Hughes were, in consideration of $3,400 paid by them to the complainants, constituted by the complainants agents, with the exclusive right of selling the patented weather strips in the territory mentioned during the life of the patent, the same to be manufactured by the complainants and purchased from the complainants.

No testimony was offered to show what was the manufacturer's profit which the complainants might have made by sales which it failed to make to its agents by reason of the infringement, and that possible element of recovery was disclaimed and waived in writing by the complainants, they claiming in this suit to recover only the damages and profits sustained by them other than the manufacturer's profits. The master finds that the contract between the complainant and Burch and Hughes for which they paid the complainants $3,400 was, in effect, an exclusive right granted to Burch and Hughes to sell the patented article during the life of the patent in the territory mentioned, which included Maryland, where the defendant, Solmson, infringed. Testimony was adduced to prove what profits were made by Solmson. The master

finds that Solmson's net profits amounted to $925, but he reports as his conclusion of law that the complainants are not entitled to have Solmson's profits awarded to them, as these profits could not, in any event, have accrued to them, but belonged to Burch and Hughes, who had the exclusive right to sell in Maryland, and that, as Burch and Hughes are not parties to this suit, there can be no decree with respect to such profits. The master thereupon reported that the complainants were not entitled to recover profits, and, as no damages were proved, complainants were entitled to only nominal damages.

It is to these conclusions that the complainants' exceptions are principally addressed. As stated in Walker on Patents, 715:

"The generic rule for ascertaining the amount of the profits recoverable in equity for the infringement of a patent is that of treating the infringer as though he were a trustee for the patentee in respect of the profits which he realized from his infringement."

Applying that rule to this case, it does not appear logical that Solmson should be held to be a trustee for the complainants in respect to profits, the loss of which was no detriment to the complainants, but was a detriment to Burch and Hughes, the exclusive licensees for Maryland. A decree in favor of the complainants for profits would be to place them in a better condition by reason of the infringement than they would have been in if there had been no infringement. It has been held that suits in equity for the recovery of profits must be brought by the owner of the patent right and the exclusive licensees suing together as joint complainants. Walker on Patents, § 400; 3 Robinson on Patents, §§ 1091–1101.

The profits made by selling the infringing article obviously belong in equity to the party who has lost them, and the party losing them in the present case is Burch and Hughes, who had the exclusive right to do the very thing which Solmson unlawfully did. In Birdsell v. Shaliol, 112 U. S. 485, 5 Sup. Ct. 244, 28 L. Ed. 768, it was held that, although the patentee had sued and recovered nominal damages for the use of a machine, it was not a bar to a subsequent suit by the patentee and his licensee together for the benefit of the licensee against another person who afterwards used the same machine. The settled rule would appear to be (3 Robinson on Patents, § 1099; Birdsell v. Shaliol, 112 U. S. 485, 5 Sup. Ct. 244, 28 L. Ed. 768) that a suit in equity which is for the benefit of the licensee must be brought in the name of the patentee and licensee together. It seems clear that in the present case the profits could be recovered only for the benefit of Burch and Hughes, the exclusive licensees for Maryland, and that therefore a recovery of profits cannot be decreed in favor of the complainants.

The exceptions are overruled, and the special master's report confirmed. The complainants having recovered nominal damages, are awarded all their costs, except the costs of the reference to the master, which latter costs they are decreed to pay.