## DIRECTOPLATE CORPORATION v. HUEB-NER–BLEISTEIN PATENTS CO.*

### No. 4402.

Circuit Court of Appeals, Seventh Circuit.

Oct. 22, 1930.

Glen E. Smith and Frank Parker Davis, both of Chicago, Ill., for appellant.

Samuel W. Banning and George I. Haight, both of Chicago, Ill., for appellee.

Before EVANS, SPARKS, and PAGE, Circuit Judges.

PAGE, Circuit Judge.

In the Northern District of Illinois, in a suit between plaintiff (appellee) and defendant (appellant), the court found and decreed that defendant had infringed certain of plaintiff's patents, and ordered an accounting for all profits and damages arising out of the manufacture and sale of the infringing articles. In the same action, it was found and decreed that Huebner patent, No. 1,291,897, was not infringed by defendant's "Simplex" device.

Three separate suits by plaintiff were in 1927 commenced in the same District Court against three customers of defendant, charging infringement, by the use of devices sold by defendant, of the patents involved in the original suit against defendant. Another patent was also included in that suit.

On September 29, 1929, plaintiff commenced a suit in the United States District Court for the Western Division of the Southern District of Ohio against the Hennegan Company, a customer of defendant, alleging that Hennegan had infringed claim 12 of plaintiff's patent No. 1,291,897 "by making, using and selling devices designed and intended for use in apparatus embodying said patented invention, and by making, using and selling said first Directoplate device and said 'Simplex' device."

This appeal is from the order of the District Court, denying defendant's prayer that plaintiff be enjoined from prosecuting the above suits against defendant's customers. The decree against defendant awards an accounting for damages and profits arising out of the manufacture and sale of the infringing devices. Two questions are raised:

■ 1. May plaintiff maintain suit against defendant's customers and recover for infringement because of the use of the same devices? Both parties rely upon Birdsell v. Shaliol, 112 U. S. 485, 5 S. Ct. 244, 28 L. Ed. 768. It is contended by defendant that that case is authority for its proposition that its customer cannot be sued and required to account for damages and profits arising from the use of devices manufactured and sold by defendant and for which it has been held to account. We are of opinion that that case does not support defendant's contention, but that it is authority for the proposition that in such cases suits may be maintained against users.

■ 2. It is conceded by plaintiff that, if the device in the Ohio suit is the "Simplex" device held by the District Court not to infringe claim 12 of patent No. 1,291,897, injunction will lie; but it is contended that the device in the Ohio suit is not the same. In paragraph 9 of the Hennegan complaint it is alleged that, after the courts had held, in the suit between the parties hereto, that a device referred to as the first Directoplate device infringed plaintiff's patent No. 1,291,-897, plaintiff, by its supplemental bill, charged that defendant manufactured and sold a device of equivalent mechanical construction known as the "Simplex" device and that said "Simplex" device was held not to be an infringement of said patent. In paragraph 10, it is averred that Hennegan infringed said patent by making, using, and selling said first Directoplate device and said "Simplex" device. Those allegations bring into the action the first Directoplate device, that was held to infringe, and said "Simplex" de-

vice, that was held not to infringe. It is not charged that those devices, used together, infringed. Clearly "said 'Simplex' device," in paragraph 10, is the "'Simplex' device" in paragraph 9 and of the suit under the supplemental bill. The affidavits that adjunctive devices had been furnished and used with the "said 'Simplex' device" would not enlarge the scope of the pleading. The "Simplex" device, plus the adjunctive elements, might make an infringing device, but that is not charged in the complaint.

We are of opinion that the District Court should have enjoined the prosecution of the suit in so far as it seeks to recover against Hennegan for the use of the "Simplex" device described in the complaint. See Kessler v. Eldred, 206 U. S. 285, 27 S. Ct. 611, 51 L. Ed. 1065. In that respect, the order of the District Court is reversed, with directions to proceed in harmony with this opinion; in all other respects the order is affirmed. Each party shall pay its own costs.