## CURTISS AEROCAR CO., Inc., v. SPRINGER.
### No. 7842.

Circuit Court of Appeals, Fifth Circuit.
Jan. 31, 1936.

Marshall C. Wiseheart, Jr., and Malcolm B. Wiseheart, both of Miami, Fla., for appellant.

John W. Whelan, of Hollywood, Fla., and D. H. Redfearn, of Miami, Fla., for appellee.

Before SIBLEY, HUTCHESON, and WALKER, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant is the owner of two design patents for trailer vehicles. In a suit between it and Harris & Schafer, Inc., these patents were adjudged valid, first in the District Court on June 16, 1933, and again in this court on March 8, 1934. Harris & Schafer, Inc., v. Curtiss Aerocar Co., 69 F.(2d) 264. Appellee is using a trailer which infringes the patents. This trailer appellee purchased from Harris & Schafer, Inc., while the appeal of that company was pending here. He testified that he bought it on Mr. Harris' assurance that he had a bond up and had the permission of the court to manufacture and sell the cars. The master appointed to take testimony and report the same with his findings made these findings:

That plaintiff was the owner of valid design patents. That it maintains in the city of Coral Gables, Fla., a factory to manufacture these trailer vehicles in accordance with these patents, and that plaintiff at all times stands ready, willing, and able to supply all public demands for such trailer vehicles. That the trailer vehicle defendant purchased from Harris & Schafer, Inc., is in plaintiff's design. That, when he purchased it, he knew of the suit and claim of the plaintiff, in fact, had looked at trailers at the plant of plaintiff, to each of which a patent plate was attached. Notwithstanding this knowledge, he bought the trailer on the assurance of Harris that he had the right to sell it.

The master concluded that plaintiff was entitled to an injunction against defendant, restraining him from continuing to use the trailer or from thereafter disposing of it; that plaintiff had waived monetary damages. He therefore recommended that a decree for permanent injunction be granted plaintiff.

The District Judge approved and confirmed the report of the master and issued an injunction. He limited its restraints as to use, however, to trailer vehicles of the design patent other than the one in question. As to that one, the injunction in effect permitted its continued use throughout its reasonable life, restraining the defendant as to it only from making major repairs substantially amounting to a reconstruction.

Appellant insists that the decree does it and its customers an injustice, in that, in the business of selling these cars, ready, able, and willing to supply a greater market than there is for them, assuring its customers that no one can have or use such cars except by purchase from it, it finds itself in a position, under the injunction, of being in effect compelled to freely license the defendant to use a car which he purchased pendente lite and with full knowledge in law and in fact of plaintiff's claims.

Appellee insists that whether an injunction will or will not issue is a matter of discretion, and that, no damage having been proven, the court was well within its discretion in refusing the injunction. We do not think so.

While it is quite plain that defendant's equities against Harris & Schafer, Inc., are very strong, it is difficult to see that he has any equity against plaintiff. Plaintiff has done nothing to mislead him. On the contrary, in court proceedings it has kept its flag flying. The result of the decree is to permit defendant, without in any way compensating plaintiff, to appropriate and use what belongs exclusively to plaintiff and in law may not be used without plaintiff's consent. It is therefore quite plain that plaintiff may not be deprived of its injunction except upon terms which reasonably compensate it for defendant's use. United Shoe Mach. Corp. v. U. S., 258 U.S. 451, 42 S.Ct. 363, 66 L.Ed. 708; Bauer & Cie v. O'Donnell, 229 U.S. 1, 33 S.Ct. 616, 57 L.Ed. 1041, 50 L.R.A.(N.S.) 1185, Ann.Cas. 1915A, 150; National Marking Machine Co. v. Triumph Mfg. Co. (C.C.A.) 13 F.(2d) 6; Continental Paper Bag Co. v. Eastern Paper Bag Co., 210 U.S. 405, 406, 28 S.Ct. 748, 52 L.Ed. 1122; Mueller Co. v. A. Zeragas Sons (C.C.A.) 12 F.(2d) 517; Birdsell v. Shaliol, 112 U.S. 485, 5 S.Ct. 244, 28 L.Ed. 768. We think, though, that, if a

670

sum which will do this can be reasonably arrived at, it will not be inequitable to condition plaintiff's injunction upon defendant's failure to pay that sum. McCrary v. Pennsylvania Canal Co. (C.C.) 5 F. 367; Consolidated Roller-Mill Co. v. Coombs (C. C.) 39 F. 803; Electric Smelting & Aluminum Co. v. Carborundum Co. (C.C.) 189 F. 710; Hills v. Hamilton Watch Co. (D. C.) 248 F. 499.

Upon this record it appears that plaintiff does not issue licenses, but merely manufactures and sells cars of the patent design. Upon this record we cannot say whether any basis of compensation could be fairly arrived at, or what that basis would be. We cannot frame here a definite decree.

The judgment will therefore be reversed, and the cause remanded, with directions to grant plaintiff its injunction, unless defendant will pay plaintiff such sum as will reasonably compensate it for defendant's use of its design.