Clyde SIMS, Plaintiff,

v.

Henry J. JADIN and Harris Gigot, co-partners, d/b/a Acme Products Company, Defendants.

No. 6339.

United States District Court
E. D. Wisconsin.

Nov. 29, 1955.

Robert H. Flatley, Green Bay, Wis., for plaintiff.

Arthur H. Seidel, Milwaukee, Wis., for defendants.

GRUBB, District Judge.

This is an action for patent infringement and the present motion for summary judgment was brought by the defendants on November 30, 1954, under the provisions of Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. The motion is based upon the particular defense set forth in Paragraph 8 of the answer.

This defense is based upon the doctrine of election of remedies. The defendants' position is that the plaintiff in a previous action in the state courts in Texas has had recovery and that no further remedy is available to him for relief arising out of the same transactions. The defendants' position is that the Texas action was an election to sue in assumpsit upon either an express or implied license contract, and that the tort of infringement has been waived.

The Texas action, No. 40743–F, in the District Court of Dallas County, Texas, 116th Judicial District, resulted in a judgment upon the special verdict that the plaintiff recover for breach of contract.

In Steam Stone-Cutter Co. v. Sheldons, C.C., 15 F. 608, the rules of remedy election laid down are that a sale by a converter of goods permits recovery by the owner of the money actually received in an action in assump-

sit. Recovery beyond this amount is not available under the doctrine of waiver of tort. Stebler v. Riverside Heights Orange Growers' Ass'n, D.C., 211 F. 986, 987, citing Birdsell v. Shaliol, 112 U.S. 485, 5 S.Ct. 244, 28 L.Ed. 768, is to the effect that full payment of damage by an infringing manufacturer frees the infringer's vendee from a subsequent suit for damages. Spaulding v. Page, 22 Fed.Cas.No.13219, p. 892, 4 Fish.Pat.Cas. 641, cited in the Stebler case, speaks of an "adoption" by the patentee of the infringing manufacturer's sale when the "full amount of profits" are recovered.

The question remaining, since waiver of tort in this case is apparently clear and applicable to actions involving patent rights, is whether full profits were recovered in Texas. In United States Frumentum Co. v. Lauhoff, C.C., 216 F. 610, 615, it is specified that recovery of a fixed established license fee on the royalty is evidence of market value and gives a license to the vendee.

To answer the question whether it is of consequence that the patentee has recovered its royalties in an action for an accounting, upon a contract, or under the terms of a contract sale, the case of Douglass v. United States Appliance Corp., 9 Cir., 177 F.2d 98, 101, is very helpful. The Douglass case held that the patentee-assignee's "acceptance of the benefits of the transaction [by recovery in an accounting of half the sales price of the sale from the infringer to his vendee] must be held to have ratified the sale." The rights acquired by the vendee and his successors were such that they may put them to advantageous use. The patentee-assignee could have sued the vendee for infringement, but having elected to ratify the sale in a previous action, it is in no position to derogate the benefits flowing to the vendee.

Upon the merits and the law applicable to this case, there may be no recovery in the instant action for infringement arising out of the purchase by defendant from the plaintiff's infringing manufacturer of any items of the patented device which were included in the previous Texas action that resulted in judgment for breach of the license contract.

■ The only remaining controversy is the allegation by affidavit of the plaintiff dated January 8, 1955, that the defendant purchased orders from October 19, 1949, to December 16, 1949, of 14,529 units of the patented device which were not the subject of the Texas action. The defendant by affidavit dated October 15, 1954, has stated that it received no other units of the patented device except those listed in said affidavit, and enumerates specifically that 14,529 units were delivered to the defendants between October 19, 1949, and December 16, 1949. The defendant, Henry J. Jadin, by affidavit dated January 15, 1955, further states that the only source of supply of the patented device involved which the defendants had had at any time was the infringing manufacturer named in the previous Texas action.

The plaintiff's first amended original petition in the previous Texas action alleges that in the period between November 5, 1948, and December 16, 1949, forty thousand units, more or less, of the patented device were sold to the defendants in this instant action.

Because of the uncertainty whether the specific 14,529 units involved in affidavits of both the plaintiff and the defendant, although occurring in the period involved in the Texas action, may or may not have been the subject of that action, this decision cannot be conclusive as to them. However, pursuant to subsections (c) and (d) of Federal Rule 56, the Court does order summary judgment for the defendant upon his motion as to all units of the patented device which were involved as subjects of the previous Texas action and orders an accounting to determine whether the disputed 14,529 units were, in fact, also involved in that previous action.

On the defendants' request for attorneys' fees, the Court is unable to make a finding of bad faith on account of this litigation. The request for attorneys' fees is denied. The Court requests the parties to see if they can agree upon the accounting question of fact set forth above and notify the Court. If they are unable to agree, the Court will set the matter for trial on the question of accounting alone.