**Nathan George HORWITT, Plaintiff,**

**v.**

**MOVADO WATCH AGENCY, INC., Defendant.**

**No. 71 Civ. 5537.**

United States District Court,
S. D. New York.

Sept. 13, 1973.

Eleanor Jackson Piel, New York City, for plaintiff.

Unterberg, Bandler & Goldstein, New York City, for defendant.

## MEMORANDUM

LASKER, District Judge.

Plaintiff, Nathan Horwitt, brought this action against Movado Watch Agency, Inc. ("Movado"), to recover royalties on the sale of watches and clocks whose faces follow a design for which he has been granted a patent. Horwitt has moved for partial summary judgment, to dismiss Movado's amended third and fourth counterclaims and to censure Movado's counsel on grounds discussed below. Movado has moved to amend its sixth counterclaim and to bring in an additional party defendant on that counterclaim.

*I. Motion for partial summary judgment.*

■ ■ Horwitt bases his motion for summary judgment on the fact that the agreement entered into with Movado provided for royalites at a specified percentage of gross sales, which concededly have not been paid. This attractively

simple approach entirely overlooks Movado's defenses and counterclaims, in which Movado contends that it was fraudulently induced to enter into the contract with Horwitt by his representations that he held a valid patent for his design, whereas, allegedly, he did not. If Movado can in fact establish the invalidity of Horwitt's patent and its reliance on representations to the contrary, its contractual obligation to pay royalties, upon which summary judgment is sought, would give way before "the strong federal policy favoring the full and free use of ideas in the public domain." Lear, Inc. v. Adkins, 395 U.S. 653, 674, 89 S.Ct. 1902, 1913, 23 L.Ed.2d 610 (1969). The *Lear* rule is unambiguous: a licensee who challenges the validity of the patent cannot be obliged to pay royalties until the question of patent validity is finally resolved against him. *Id.; see also* Painton & Co., Ltd. v. Bourns, Inc., 442 F.2d 216, 226 (2d Cir. 1971). The merits of the defense of patent invalidity are not now before us, and we express no opinion on them; the mere existence of the defense, however, raises a genuine issue of material fact which precludes the granting of partial summary judgment as sought by Horwitt. Bahamas Paper Co., Ltd. v. Imperial Packaging Corp., 328 F.Supp. 158 (S.D.N.Y.1971).

*II. Motion to amend and to join an additional party.*

In its sixth counterclaim, Movado alleges a right to recover from Horwitt sums received as a result of a suit brought by him against several watch manufacturers for patent infringement. This suit having been settled, Movado now moves to amend its sixth counterclaim to demand recovery specifically of damages paid to Horwitt by Longines-Wittnauer Watch Co., Inc. ("Longines") and, with this end in mind, to make Longines a party to the present suit.

Horwitt contends that bringing in Longines would be proper only if Movado is an assignee of the infringed patent. Movado does not appear to be Horwitt's assignee [1] and, in fact, does not claim to be. It claims, rather, to be Horwitt's exclusive licensee and, as a result, to have standing to sue Longines for patent infringement.

However that may be, we nevertheless think that joinder of Longines should not be permitted. Clearly, if Movado does not possess an exclusive license, it has no cause of action against Longines and joinder would be improper. On the other hand, if, as exclusive licensee, Movado has a cause of action for patent infringement, we think it is estopped from pursuing it by its licensor's suit and recovery.

Although the applicability of the doctrine of estoppel to a case such as this appears never to have been directly decided, it has been suggested by several cases and at least one commentator. In Birdsell v. Shaliol, 112 U.S. 485, 5 S.Ct. 244, 28 L.Ed. 768 (1884) the Court observed:

"[W]hen a suit in equity has been brought and prosecuted, in the name of the patentee alone, with the licensee's consent and concurrence, to final judgment, from which, if for too small a sum, an appeal might have been taken in the name of the patentee, we should hesitate to say, merely because the licensee was not a formal plaintiff in that suit, that a new suit could be brought to recover damages against the same defendant for the same infringement." *Id.* at 487, 5 S.Ct. 244 at 245.

---

1. The nature of Movado's interest in the patent is difficult to ascertain, since the business dealings between the parties were carried on in a highly informal manner and the letter agreement which embodies the contract between them is perfunctory in the extreme and makes no mention whatever of the patent. Inasmuch as the Patent Law requires that an assignment be in writing (35 U.S.C. § 261) and this has been interpreted to require that the assigning instrument indicate a clear intent to part with the patent (Walker on Patents, 2d ed. (1965), § 338), Movado would not appear to be Horwitt's assignee. Further proceedings will no doubt clarify the nature of their relationship.

*See also* Lawrence-Williams Co. v. Societe Enfants Gombault et Cie, 52 F.2d 774, 778 (6th Cir. 1931); Ellis, Patent Licenses § 406 (3d ed. 1958). Such an approach furthers the accepted policy of "enable[ing] the alleged infringer to respond in one action to all claims of infringement for his act, and thus either to defeat all claims in the one action, or by satisfying one adverse decree to bar all subsequent actions." Independent Wireless Telegraph Co. v. R.C.A., 269 U.S. 459, 468, 46 S.Ct. 166, 169, 70 L.Ed. 357 (1926).

Movado excuses its failure to intervene in Horwitt's suit against Longines, because allegedly Horwitt invited its intervention only if it would assume one half of the attorneys fees and other expenses, a condition which, it is claimed, contravened an agreement that Horwitt pay all such expenses. This dispute, however, concerned only Horwitt and Movado; no reason is suggested why Longines should now be penalized as a result. Having agreed with Horwitt that Horwitt would take action against infringers and having allowed the action to proceed against Longines to its conclusion, Movado is now estopped from commencing a new action against Longines.

■ Moreover, to the extent that Movado is merely seeking recovery of the damages already or about to be paid [2] by Longines to Horwitt, it does not appear that joinder of Longines would contribute to resolution of the dispute before us. Movado does not allege that the damages agreed on by Longines are inadequate, but merely that it, rather than Horwitt, is entitled to recover them. Whether or not this is true depends on the agreement between Horwitt and Movado. Thus, Movado's interest in the damages is fully protected by its present counterclaim against Horwitt.

### III. Motion to dismiss and to censure.

■ Horwitt has moved to dismiss Movado's amended third and fourth counterclaims, to censure Movado's counsel and for attorneys fees and costs incurred by this motion. The background to these requests is as follows. Movado's answer set up three counterclaims (labelled third, fourth and fifth), which Horwitt, over a year ago, moved to dismiss for lack of particularity in violation of Rule 9(b) of the Federal Rules of Civil Procedure. The motion was granted by Judge Brieant of this court as to the third and fourth counterclaims with leave to replead within twenty days. Movado timely filed amended third and fourth counterclaims, which Horwitt now attacks on the ground that they suffer from the same defect as the originals and, therefore, contravene Judge Brieant's order.

The original third and fourth counterclaims alleged that Horwitt had knowledge of prior art which made his design not patentable and that, by seeking a patent and licensing his patent to Movado, he committed a fraud on the patent office and the defendant and violated the patent and anti-trust laws of the United States. These counterclaims were dismissed, because Judge Brieant found that "the 'prior art' claimed to exist is not identified as to the date and time of use, patent number, designer's name or anything else which will permit the adverse party to know, with particularity, how it is claimed he committed a fraud upon the United States Patent Office." (Endorsement filed September 8, 1972.) The repleaded counterclaims allege that "timepieces utilizing the design set forth in design patent No. 183,488 were manufactured and sold, including those under the trademarks 'OMEGA' and 'GIRARD', during the period 1940–1950, and dials utilizing such design have been manufactured by dial makers,

2. The papers before us do not indicate whether Longines has already paid the money to Horwitt. If not, a case might be presented for bringing in Longines in order to impress a lien against the funds held by it for Horwitt. However, this is not the basis on which Movado seeks to implead Longines and, indeed, Movado does not allege that the money has not been paid to Horwitt or that, if it establishes its right to the money, it will be unable to recover the funds directly from him.

including Geneva Dial Co., International Dial Co. and Theodore Schwalm, during such time period; all of which was known to or should have been known to the plaintiff." (Amended Third and Fourth Counterclaims, par. 38.) This is sufficient, we think, to inform Horwitt of the prior art upon which Movado predicates its attack on the patent. The tools of discovery are available to flesh out these allegations. Of course, it is only fair that Movado be limited in its proof to those items of which Horwitt was given notice in its counterclaims. Accordingly, Movado's amended counterclaims do not violate Judge Brieant's order and neither dismissal, censure or attorneys fees is warranted.

Plaintiff's motions for partial summary judgment and for dismissal of the third and fourth counterclaims, censure, attorneys fees and costs are denied. Defendant's motion to amend its sixth counterclaim and to bring in an additional party is denied.

It is so ordered.