## Steam Stone Cutter Co. *v.* Sheldons and others.

*(Circuit Court, D. Vermont.* March 12, 1883.)

1. PATENT LAW—INFRINGEMENT—CHOICE OF ACTIONS.

    The sale of machines embodying the patented inventions of another to one for use, is an invasion of the patentee's rights, and such a conversion of his property as will render the party so selling the invention liable in an action for tort. But in such case the plaintiff may waive the tort and sue in *assumpsit* for the money received from the sale.

2. SAME—MEASURE OF DAMAGES—WAIVER.

    In an action or proceeding for the money, the measure of damages would be the amount of money received, not the amount of damages done, and all right of recovery beyond that would be waived. This is the effect of waiving the tort. The recovery of satisfaction in either form would pass the right to that for which satisfaction was had, and there could be no damages beyond. Consequently, when the plaintiff has recovered and received satisfaction for the tort committed the title to so much of his property as was wrongfully converted will have passed by the sale and conversion and no damages will accrue to him on account of further use of that property.

In Equity.

*Aldace F. Walker,* for orator.

*Walter C. Dunton,* for defendants.

WHEELER, J. This suit is brought for relief against infringement of several patents owned by the orator by the use of machines embodying the patented inventions bought by the defendants of the Windsor Manufacturing Company, with a guaranty of the right to use. The orator brought suit against the Windsor Manufacturing Company for infringement of the same patents, and claimed to recover therefor the profits on these sales to the defendants here. To this the Windsor Manufacturing Company objected on account of the guaranty. Upon this question it was held that the liability on the guaranty would not relieve that company from the liability to account for the profits on these sales, for the reason that after a recovery and satisfaction clearly, if not after a recovery only, for those profits, the right to use those machines would have passed to these defendants, so that they would not be liable to the orator for the use of the machines, and there would be no liability over on the guaranty to take away or reduce the profits; and a decree was passed for the recovery, among other things, of these profits. *Steam Stone Cutter Co.* v. *Windsor Manuf'g Co.* 17 Blatchf. C. C. 24. The orator has recovered upon that decree some money, and has caused real estate to be set off on execution in satisfaction of the balance. Other persons

claimed the real estate so set off, and resisted the taking of possession of it by the orator, and suits were brought by the orator against the several claimants of the land, in one of which the orator has recovered one parcel of the land by a final decree; and in another, the principal one, the orator has obtained a decree of this court establishing the validity of the title by the levy, from which an appeal has been taken to the supreme court. The defendants now move for a dissolution of the injunction restraining the use of the machines pending the litigation, and the cause has been heard upon this motion.

The defendants insist that the mere taking a decree for the profits of the sale was a ratification of the sale, and made it valid to pass the rights of the orator to everything covered by it belonging to the orator, the same as if it had been made by the orator. The orator claims that only actual beneficial satisfaction will affect the right to follow the defendants for their infringement, and that there are, or may be found to be, damages beyond the profits of the sale resulting from the use of the machines, if not restrained, and that the orator has the right to a continuance of the injunction to prevent such damage.

The full determination of all these questions does not appear to be necessary to the proper disposition of this motion. The patented inventions were property of the orator. When the Windsor Manufacturing Company sold machines embodying these inventions to the defendants for use it invaded the orator's rights and converted the orator's property to its own use. These acts were tortious and an action would lie for these wrongs. As that company received money for the orator's property, the orator could waive the tort and sue in *assumpsit* for the money, or, what is the same in effect, proceed for an account of the money received. In an action or proceeding for the money the measure of damages would be the amount of money received, not the amount of damage done, and all right of recovery beyond that would be waived. This is the effect of waiving the tort. The recovery of satisfaction in either form would pass the right to that for which satisfaction was had, and there could be no damages beyond. Upon these principles, which are elementary, when the orator has recovered and received satisfaction for the tort committed by the sale and conversion of so much of its property, its title to so much of its property will have passed, and no damages could accrue to it on account of further use of that property. By the satisfaction the machines would be freed from the orator's monopoly

The levy upon the real estate is *prima facie* a satisfaction of the decree, therefore the machines are *prima facie* free. The defendants, as the case now stands, have *prima facie* the right to have the injunction dissolved. If this right is varied by further developments or different results, compensation can be made to the orator in the accounting with less danger of injustice than the continuance of the injunction would involve.

Motion granted and injunction dissolved.