## TAYLOR MOTOR CAR CO. v. HANSEN.

No. 4786. Decided November 18, 1929. (282 P. 1040.)
Rehearing Denied December 13, 1929.

*P. C. Evans,* of Salt Lake City, for appellant.

*Henry D. Moyle* and *J. M. Christensen,* both of Salt Lake City, for respondent.

CHERRY, C. J.

The original complaint in this action was to recover damages for the conversion of an automobile alleged to have been owned by the plaintiff and wrongfully converted to his own use by defendant. After some contested proceedings relating to a garnishment sued out by the plaintiff, an amended complaint was filed wherein it was in substance alleged that on and prior to April 9, 1927, the plaintiff was and still is the owner of a certain Chrysler 70 coach automobile; that for a long time prior thereto the defendant had been in the employ of the plaintiff as a salesman, and the said automobile had, on or about July 15, 1926, been furnished by the plaintiff to the defendant to be used for demonstration purposes, for which purposes it was used by the defendant until on or about April 9, 1927, when the defendant, without the consent of the plaintiff, removed the same from the state of Utah and sold the same and converted the proceeds to his own use; that the value of the automo-

bile was $1,450, and that the defendant became liable to account to the plaintiff for the value of the automobile and further "became liable to the plaintiff upon an implied contract to account to the plaintiff for the proceeds from the sale of the said car to apply on the value thereof." It is futher alleged: "The plaintiff hereby expressly waives the tort arising out of the conversion or sale of the said car and hereby declares upon the implied contract of the defendant to account to plaintiff for the value of the said car or the proceeds of the sale thereof."

The refusal of the defendant to deliver the automobile to plaintiff or to pay the proceeds of the sale thereof was alleged and judgment demanded that the defendant be required to account for the value of the car and the proceeds from the sale thereof, and that upon such accounting the plaintiff have judgment for $1,450 and costs.

The answer of the defendant was to the effect that the plaintiff had conditionally sold and delivered the automobile in question to the defendant upon a title retaining note by the terms of which plaintiff was to retain title to the automobile until the sum specified in the note was paid; that the amount unpaid was $165, which amount had previously been, and by the answer was, tendered to the plaintiff.

A trial by jury resulted in a verdict and judgment for the plaintiff for $165, from which the plaintiff has appealed.

The errors assigned and argued by the appellant are based upon the refusal of the court to direct a verdict for the plaintiff for $649.25, and the giving of certain instructions to the jury.

The plaintiff was a retail dealer in automobiles at Salt Lake City. In April, 1924, defendant was employed by the plaintiff as a salesman and thereafter continued in such employment until about March 1, 1927. His duties as a salesman involved the use at all times of an automobile for demonstration purposes. Upon entering his employment the defendant conditionally purchased from the plaintiff a Maxwell automobile at the agreed price of $1,285, of which

$425 was paid in money and the remainder evidenced by a title retaining note for $860 payable in 30 days. Shortly after, the Maxwell car, while being used by plaintiff's manager, was wrecked. The plaintiff thereupon furnished the defendant with another Maxwell car in substitution for the wrecked one. The note for the original purchase was renewed several times and payments made by the defendant from time to time on the indebtedness, so that on October 9, 1926, there remained unpaid the sum of $165.

In the meantime the defendant had been furnished successively from time to time by the plaintiff with three or more automobiles for use as demonstrators. When used for a limited period, the demonstrator car was sold for the benefit of the plaintiff, and the salesman furnished a new one. Notwithstanding the disposition of the first Maxwell car sold to the defendant, and the respective substitutions of other cars for it, the several renewal notes taken by plaintiff prior to October 9, 1926, described the first Maxwell car, and provided for the retention of title thereto by the plaintiff. The automobile now in question was furnished the defendant by the plaintiff about July, 1926 after the car next previously used by defendant as a demonstrator had been sold for the use and benefit of plaintiff.

On October 9, 1926, the defendant executed a note for $165 to the plaintiff, which defendant claimed was the balance of the purchase price of the car in question. The plaintiff contended, however, that this note was given for the balance due upon the first Maxwell car sold. Plaintiff further claimed, and its manager testified, that the original Maxwell car sold to the defendant was "turned in" by him, and that he was given credit on the plaintiff's books for the net amount which he had paid on account of it; that afterwards several cars were assigned to the defendant at different times for use as demonstrators until July, 1926, when the Chrysler car in question was delivered to him for use as a demonstrator. He stated that no charges were made for the use of such cars by defendant, but that the defendant

was given full credit for all money paid by him, and that the amounts paid were held by the plaintiff as a protection against damage to any automobile used by defendant; that the amount of such credits or funds belonging to the defendant was $800.75.

There was evidence produced by the plaintiff that the reasonable value of the car in question on April 9, 1927, was $1,450. It was sold on the date last mentioned by the defendant in Idaho to one Sorenson for $1,250.

The main dispute at the trial was whether there had been a conditional sale of the Chrysler car by the plaintiff to the defendant. Such a sale was asserted by the defendant and denied by the plaintiff and evidence offered by each in support of the respective contentions. It is evident from the verdict that the jury found this issue in favor of the defendant. We are satisfied that such a finding by the jury was supported by the evidence and we are further of the opinion that under the pleadings and undisputed facts in the case it was wholly immaterial, so far as the plaintiff was concerned, whether there had been a sale to the defendant or not. At the trial the defendant admitted liability on account of the car in the sum of $1,285. He claimed he had previously paid $1,120, and admitted that he still owed $165. The plaintiff in its amended complaint by waiving the tort and claiming the proceeds of the sale thereby ratified and approved the sale of the automobile by the defendant and presented a cause of action for money had and received. 1 C. J. 1033. When a tort is waived and an action brought in contract, the case is governed by the rules and principles including the measure and amount of damages, applicable to the latter form of action. 1 C. J. 1040. And according to the situation here, the plaintiff's limit of recovery was not the value of the car, but the amount of money received by defendant upon the sale of the car. *Steam Stone-Cutter Co.* v. *Sheldons* (C. C.) 15 F. 608, 21 Blatch. 260. The uncontradicted evidence was that the defendant sold the car for $1,250. In no event could the plain-

tiff in this action recover a greater sum. It was therefore immaterial whether the car had been conditionally sold to the defendant, as the defendant claimed, or merely intrusted to the defendant for use as a demonstrator, as the plaintiff claimed.

Under the pleadings and the uncontradicted evidence in the case the only question for the jury was the amount of money which the defendant had paid to the plaintiff before the commencement of the action, properly applicable to the plaintiff's claim. The defendant claimed, and offered quite satisfactory proof, that he had paid a total of $1,120. The plaintiff's evidence, which we think was less convincing, showed payments of $800.75. The jury was justified in finding for the defendant on this issue, and, having done so, the verdict was for as much as the plaintiff could demand.

The errors relied upon by appellant are that the trial court erred in refusing to direct a verdict in favor of the plaintiff for $649.25. This contention is plainly untenable for numerous reasons. Under the most favorable view of the plaintiff's evidence its recovery could not exceed the amount received by the defendant upon the sale of the car, which was $1,250, less the sum of $800.75, which the plaintiff admitted had been previously paid by the defendant. Besides, there was a substantial and serious conflict in the evidence as to the amount of money previously paid by the defendant. The court very properly refused to direct a verdict.

The other assignments relate to instructions and rulings upon the issue of whether the automobile had been conditionally sold by the plaintiff to defendant before the defendant disposed of it. As this issue was immaterial to the plaintiff's claim, it was not harmed by any errors which may have occurred in submitting it to the jury. If a conditional sale was established as claimed by defendant, the result was that the defendant was answerable for the price of the car ($1,285) less what he had previously

paid on it. If, as claimed by plaintiff, it was determined that no sale had been made to defendant, he was answerable for $1,250, the amount for which he sold it, less the amounts previously paid on the transaction. Assuming, as we must, that the jury found that the amount previously paid by the defendant was as claimed by him, the verdict for $165 was as much as the plaintiff could have recovered upon its own theory of the case.

JUDGMENT AFFIRMED.

STRAUP, ELIAS HANSEN, EPHRAIM HANSON, and FOLLAND, JJ., concur.